HENDRICK CARLSON *vs.* DULUTH SHORT LINE RAILWAY COMPANY.

April 20, 1888.

**Deed by Railway Company—Reservation—Exception.**—A clause in a deed from the St. Paul & Duluth Railroad Company to plaintiff in the words, "reserving however to the said" grantor "a strip of land one hundred and fifty feet wide, and any greater width where necessary, for a right of way," etc., *held*, to be a simple reservation, and not sufficient in connection with certain allegations of the complaint to warrant the defendant in taking possession of a strip of plaintiff's land, and building its railway thereon.

Plaintiff, as owner of a 40-acre tract in St. Louis county, brought this action in the district court for that county, to determine the defendant's adverse claim to a strip 150 feet wide across the land, claimed by defendant for a right of way, and on which it had located and was about to build its railway. The complaint shows that plaintiff acquired the land from the St. Paul & Duluth Railroad Company, and sets forth, as an exhibit, his deed from that company, containing the reservation mentioned in the opinion. The substance of the answer is stated in the opinion. A demurrer to the answer was sustained by *Stearns*, J., and the defendant appealed.

*Ensign, Cash & Williams,* for appellant.

*Allen & Parkhurst,* for respondent.

COLLINS, J.[1] By its answer in this action the defendant, a railway corporation, undertakes to justify its appropriation of a strip of land upon which it has constructed its railway, by means of a clause in a deed from another and distinct railway corporation to plaintiff of the tract of which the strip in question is a part. The deed contains the usual covenants of warranty, and the clause mentioned is as follows: "Reserving, however, to the said" St. Paul & Duluth Railroad Company "a strip of land one hundred and fifty feet wide, and any greater width where necessary, for a right of way," etc. The answer further attempts to connect these independent corporations,

[1]Mitchell, J., was absent, and took no part in this case.

by allegations that the grantor in the deed to plaintiff was the projector of the defendant corporation, largely instrumental in creating it, owns a large block of its stock, and now operates its only line of road under a lease for 99 years. The clause referred to (the material part being heretofore quoted) is a simple reservation, floating in its character, over the entire tract of land, at the grantor's will, and of greater width than 150 feet should greater width be needed for right of way or for certain other specified uses not involved here. The St. Paul & Duluth Company, having in mind a change of its line or the construction of a branch, reserved for itself a new thing out of that which it had just granted. An exception is wholly different. It is a clause in a deed whereby the grantor excepts something *in esse* at the time of the grant out of that which he has granted, so that the thing excepted does not pass at all. Shep. Touch. 78. Had the grantor intended to exclude the fee,—to reserve anything more than an easement, such as a right of way or for other specified use in connection with its road,—the intent should have been made manifest, and the deed so written. No exclusion of the fee can be implied. *Elliot* v. *Small*, 35 Minn. 396, (29 N. W. Rep. 158.) It follows, then, that the defendant is not in position to justify as against plaintiff. It has in no manner succeeded to any interest that the other corporation has in the right reserved. The provision in the deed was not made for its benefit. It was not a party to it; and, so far as we have been able to discover, the St. Paul & Duluth Company yet retains its power, and may some time in the future assert its privilege by constructing a railway over and across plaintiff's land.

Order affirmed.