ALFRED H. HEDDERLY *vs.* MARCUS JOHNSON.

February 4, 1890.

**Vendor and Purchaser—What is an "Unmarketable" Title.**—To make a title to real estate unmarketable, so that specific performance of a contract to convey will not be enforced against the vendee, there must be a reasonable doubt as to its validity. If the doubt raise a question of law, it must be a fairly debatable one,—one upon which the judicial mind would hesitate before deciding it. If the doubt depend on a matter of fact, and there is no doubt as to how the fact is, and if it may be readily and easily shown at any time, it does not make the title unmarketable.

**Same—Reservation of Strip for Railway.**—In a conveyance of real estate was this clause: "Reserving, however, a strip of land one hundred and fifty feet wide, to be used by the said railroad company for a right of way or other railroad purposes, where the main line of its road, or any

of its branches, as now located and constructed, or hereafter to be constructed, is laid or may pass over said land." *Held*, that the easement depended on the fact of the then location of the line; and as there is, as the case shows, no doubt that no line had then been located, and as the matter appears to be easily and readily proved at any time, the clause does not make the grantee's title unmarketable.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial after a trial by *Lochren*, J., and judgment ordered for defendant.

*Gilger & Harrison*, for appellant.

*Davis, Kellogg & Severance* and *Samuel E. Hall*, for respondent.

GILFILLAN, C. J.    This is an action to enforce specific performance of a contract to convey real estate, brought against the vendee of the particular tract as to which the questions here involved arise. The tract is described as section 11, town 126, range 43.   The defendant resists performance of the contract on the ground that the plaintiff, the vendor, is not able to give him a good, marketable title.   The tract originally belonged to the First Division of the St. Paul & Pacific Railroad Company, being a part of the land grant earned by it.   The plaintiff derives his title through a deed conveying the tract to one Wilson, made by the trustees of said railroad company, in which deed was this clause of reservation : "Reserving, however, a strip of land one hundred and fifty feet wide, to be used by the said railroad company for a right of way or other railroad purposes, where the main line of its road, or any of its branches, *as now located and constructed, or hereafter to be constructed, is laid or may pass over said premises.*"   This clause, it is claimed, makes the title unmarketable; and undoubtedly it does, if it makes an effectual, operative, reservation of a right of way upon the land, or if it makes it reasonably doubtful whether the right of way does or does not exist.   Courts will not compel a vendee to take an unmarketable title when he has stipulated for a good one; and a title is deemed unmarketable, within this rule, where, although it may be good, there is a reasonable doubt as to its validity.   The term "reasonable doubt" is always used in this connection, because, as a doubt might be suggested or question raised as to most titles, it would go

far to do away with the remedy by specific performance ·if a mere doubt raised, without regard to its character, were permitted to defeat the action.

A doubt as to the title may be raised upon a question of law, or upon a question of fact, or upon both law and fact. It is impossible to state any precise and definite rule by which to determine when a doubt raised upon a question of law is to be deemed reasonable. Without going so far as some of the English cases, which appear to hold that, in case where the doubt exists as to the construction of an act of parliament, or of a deed or will, the court will resolve the doubt, and thus remove it, so that it shall not stand in the way of enforcing specific performance, we can at least say that the doubt suggested must raise a question of law that is fairly debatable,—one upon which the judicial mind would hesitate before deciding it. If it depend on the construction of an act of the legislature or of a written instrument, and the construction is readily arrived at by the application of the well-known rules of interpretation, it ought not to be regarded as making the title doubtful. The case of *Fairchild* v. *Marshall, supra,* p. 14, where the doubt was as to the duty of a widow to elect between the provisions in her behalf in her deceased husband's will, and the statutory provisions in her favor, is an instance in which the court held a doubt raised upon a question of law not to make the title unmarketable.

When the doubt as to the title is raised upon a matter of fact, the question whether it is reasonable or not will not depend solely on the actual existence or non-existence of the fact as it may appear after a trial of it. If it need a trial to ascertain it, and especially if its character be such, or if the evidence to show it be such, that it may be decided either way, or if the evidence be not readily accessible to the vendee so that he can establish the fact at any time when called upon, it would certainly affect the marketable value of the title. On the other hand, if there is no doubt as to how the fact is, and it may be readily and easily shown at any time, the title is not rendered doubtful by depending upon it. Thus, where the title depends on the bar of the statute of limitations, and it clearly appears that the real owner is barred, it is a marketable title. *Pratt* v. *Eby,* 67 Pa.

St. 396. In such case the evidence to establish it must, from the nature of the fact, be easily accessible. An instance in which the fact, and the evidence by which it would have to be established, were of such a character as to render a title depending on the fact reasonably doubtful, is furnished by *Townshend* v. *Goodfellow*, 40 Minn. 312, (41 N. W. Rep. 1056.)

To test this case by these general observations, we come to consider the clause of reservation. The defendant claims that it is an absolute, unconditional, and valid reservation to the railroad company of an easement for right of way or other railroad purposes over a strip 150 feet wide. The plaintiff claims that it is void for several reasons,—among them, that it does not describe nor locate the strip. And plaintiff also claims that it locates it along the line of the main or branch line of the railroad as then located, and that it makes the reservation depend on the fact of the main or branch line having been located on the tract, so that, if in fact no such line had been located, the reservation never took effect. The defendant refers to what was said by this court, upon a clause of reservation in some respects similar to this, in the case of *Carlson* v. *Duluth Short Line Ry. Co.*, 38 Minn. 305, (37 N. W. Rep. 341,) and the court below seems to have considered that case as in effect deciding this to be a good reservation. There is, however, this marked difference between the two clauses, that in that case there was no reference in the clause to an already located line, but the easement was to be "where the line of any railroad *is or may be laid* over the premises," clearly contemplating a future as well as existing location of the line. Bearing in mind that if, when taken literally, the language is of doubtful meaning, or may have either of two meanings, that most favorable to the grantee in the deed must be adopted, it is very clear, beyond a reasonable doubt, that the intent was to reserve an easement along the line as then (now) located, whether the railroad was then, or might thereafter be, constructed upon it. The words "as now located" qualify the words "hereafter to be constructed," as well as the words "and constructed." Otherwise, the word "located" must be understood so as to make the phrase mean as though it had been written, "or hereafter to be located and con-

structed." Of course the court could not make that insertion if it would give a different meaning, more favorable to the grantor, than the clause would have without it. Construing it as intended to reserve an easement along the then located line, it has the elements of definiteness and precision,—means for determining when, and precisely where, the easement was reserved. Construing it as giving the railroad company the right to locate the easement by a subsequent location of the line would leave it in the nature of a "float," which, as it would be, more onerous to the grantee than a definitely located easement, the court would avoid, if it could be done by a probable interpretation of the terms of the clause. This being the meaning of the clause, the reservation was operative and effectual only in case the line of the railroad had then been located upon the tract. Why the clause was inserted if the line had not been located on the tract can be matter only of conjecture. The deed furnishes no explanation, unless it may be inferred that the trustees who executed it had not then at hand means to ascertain whether the line as located crossed the tract, and that they inserted it as a matter of precaution.

The court below found as a fact that no line of railroad had been located on the tract, and that the main line, as located and constructed, passes at the distance of 300 feet at the nearest point from the tract. In order that the title be free from doubt in respect to this easement, it is necessary, of course, that the fact be as found by the court, to wit, that no railroad line had been located on the tract. But, as we have already indicated, the existence or non-existence of the fact does not alone show the title free from doubt. How the fact is must also be free from reasonable doubt, and it must be capable of being easily and readily proved at any time when it may be necessary to prove it.

From the proceedings on the trial as shown by the settled case, it appears that the fact was not regarded as doubtful; for the defendant admitted that there had neither been the main nor any branch line located or constructed on the tract. From his ready admission of so important a fact, it must be concluded that it is manifest, and not disputable. And it would seem as though, from its nature, the

evidence of it must be easily accessible; for even if it be conceded that it would be competent for the railroad company, in support of an easement under such a clause, to prove a mere paper location,—one made by merely making a line on its maps of the lands, instead of proving an actual location by something done on the land in the way of indicating the line,—it could hardly be difficult to get the proof that no such location, as to this tract, had been made. Strong presumptive evidence that no line had been located would be always at hand, in the fact that after so great a lapse of time as since the execution of this deed no line has been constructed, and that the line constructed is away from this tract. We do not, therefore, regard the question of law involved in the case, nor the fact on which the right of easement must depend, nor the evidence by which the fact must be shown, to be of such a character as to cast a reasonable doubt on plaintiff's title.

Order reversed.