[No. 602. Decided January 13, 1893.]

J. B. BILES, *Respondent*, v. TACOMA, OLYMPIA & GRAY'S HARBOR RAILROAD COMPANY, *Appellant*.

CONVEYANCES — RESERVATION — NORTHERN PACIFIC RAILROAD — BRANCH LINES — ESTOPPEL.

Where a railroad company conveys a tract of land, "reserving and excepting therefrom, however, a strip of land extending through the same (or so much of such strip of land as may be within said described premises), of the width of four hundred feet, that is, two hundred feet on each side of the center line of the Northern Pacific Railroad, or any of its branches, to be used for right-of-way or other railroad purposes, in case the line of said railroad, or any of its branches, has been, or shall be, located on or over, or within less than two hundred feet of, said described premises," a mere easement is reserved thereby, and the ownership of the whole tract passes to the grantee.

The Northern Pacific Railroad Company not being authorized by its charter under act of congress to construct a branch line between Tacoma and Gray's Harbor, the Tacoma, Olympia & Gray's Harbor Railroad, although constructed and operated by the Northern Pacific Railroad Company, is not entitled to the benefit of reservations of rights-of-way in conveyances made by the latter company.

The grantee of the Northern Pacific Railroad Company is not estopped by the recitals in the deed from denying the right of his grantor to build branch roads, when such branch road is one that the grantor is not legally authorized to construct.

*Appeal from Superior Court, Chehalis County.*

*Mitchell, Ashton & Chapman,* for appellant.

*Linn & Bridges,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On May 11, 1876, the Northern Pacific Railroad Company, then being the owner of the northeast quarter of the southeast quarter of section 1, in township No. 17, north, of range 6, west of the Willamette meridian,

conveyed the same to the respondent by a warranty deed containing the following clause:

"Reserving and excepting therefrom, however, a strip of land extending through the same (or so much of such strip as may be within said described premises), of the width of four hundred feet, that is, two hundred feet on each side of the center line of the Northern Pacific Railroad, or any of its branches, to be used for a right-of-way or other railroad purposes, in case the line of said railroad or any of its branches has been, or shall be, located on, or over, or within less than two hundred feet of said described premises."

The appellant is a corporation organized and existing under the laws of this state, and about the first of November, 1890, it entered upon the land so conveyed to the respondent, and has since constructed a railroad across the same. The respondent brought this action to recover the possession of the land so occupied by appellant, and alleged in substance in his complaint, that on or about the first day of October, 1890, he was seized in fee and possessed, and entitled to the possession, of a certain tract of land described as a strip of land four hundred feet in width, being two hundred feet from either side of the center line of the railroad track constructed by the defendant across the tract of land above described, and that while he was so seized and possessed and entitled to the possession thereof, the defendant (appellant here) on or about November 1, 1890, without any right or title, entered into the possession of said premises and ousted and ejected the plaintiff therefrom, and now unlawfully withholds possession from plaintiff, to his damage in the sum of five hundred dollars. The defendant denied that the plaintiff was ever entitled to the possession of the premises sought to be recovered, or that it ousted or ejected the plaintiff therefrom, or that it unlawfully withheld the possession thereof from the plaintiff, and justified its possession on the grounds— (1) That the North-

ern Pacific Railroad Company, and not the plaintiff, was the owner of the strip of land described in the complaint, and that the defendant was in possession by and with the consent of that company; and (2) that it was entitled to hold and possess the premises by virtue of being a branch line of the Northern Pacific Railroad Company, and thus entitled to the reservation or exception contained in the deed of that company to the plaintiff.

The court below held that the plaintiff was the owner and entitled to the possession of the demanded premises, and gave judgment accordingly. And the first question presented for our determination on this appeal is, whether the title to the strip of land in dispute passed to the respondent by the deed of May 11, 1876. There is no question but that the fee of the whole forty acre tract described in the deed is in the respondent, unless the four hundred feet strip was withdrawn from the operation of the conveyance by the clause above mentioned. It is claimed by the appellant that the restriction in the instrument amounts to an exception of so much of the land as is contained in the four hundred feet strip, and that the title to the same did not pass to the grantee, but that the Northern Pacific Railroad Company is still the absolute owner thereof. On the contrary, the respondent insists that the clause in the deed at most is but a mere reservation of a right-of-way over the land in favor of the Northern Pacific Railroad Company, and that the appellant, being a stranger to the reservation, can claim no rights under it.

While it is true that there is a technical legal distinction between an exception and a reservation, it is also true that whether a particular clause in a deed will be considered an exception or a reservation depends not so much upon the words used as upon the nature of the right or thing excepted or reserved. Martindale on Conveyancing, p. 106, § 118. An exception is a clause in a deed which with-

draws from its operation some part of the thing granted, and which would otherwise have passed to the grantee under the general description. The part excepted is in existence at the time of the grant, and remains in the grantor unaffected by the conveyance. A reservation is the creation in behalf of the grantor of a new right issuing out of the thing granted, something which did not exist as an independent right before the grant. 5 Am. & Eng. Enc. of Law, p. 455, Title, "Deeds;" Tiedeman on Real Property, § 843. But frequently the words exception and reservation are used as synonymous, and the term exception will be held to mean reservation whenever it may be necessary to effectuate the intention of the parties to the instrument. *Winthrop v. Fairbanks*, 41 Me. 307; *Whitaker v. Brown*, 46 Pa. St. 197; *Cowdrey v. Colburn*, 7 Allen, 9; *Stockwell v. Couillard*, 129 Mass. 231; Martindale on Conveyancing, *supra*.

In the deed before us the language is "reserving and excepting therefrom," etc. These words must be construed to mean either a reservation or an exception, for, strictly speaking, a thing cannot be both reserved and excepted at the same time. And the meaning can best be arrived at by ascertaining if possible the intention of the parties, as evidenced by the words of the deed, the object they had in view, and the circumstances under which the deed was executed. At that time the Northern Pacific Railroad Company was the owner of a vast area of land which had been granted to it by the congress of the United States to aid it in the construction of its railroad and telegraph line from Lake Superior to Puget Sound. It desired to sell these lands, and the respondent desired to purchase the particular legal subdivision above described, and the whole thereof. But the railroad company deemed it possible that it might, at some time in the future, extend its railroad or build a branch line over this land. In that

event a right-of-way across the premises would be necessary. And, to provide for such a contingency, it "reserved and excepted" in its deed a strip of the land four hundred feet wide, "to be used for a right-of-way, or other railroad purposes, in case the line of said road, or any of its branches, has been, or shall be, located on or over or within less than two hundred feet of said described premises."

At the time the deed was executed, no road had been located on or over or within less than two hundred feet of said premises, and there was no particular portion of the land identified and described as it doubtless would have been, had it been the intention of the grantor to except it from the operation of the grant. We think the clause referred to simply reserved a right-of-way over, an easement in, the land conveyed, and that the ownership of the whole tract passed to the respondent by virtue of the deed. *Barlow v. Chicago, etc., R. R. Co.*, 29 Iowa, 276; *Dunstan v. N. P. R. R. Co.*, 2 N. Dak. 46 (49 N. W. Rep. 427).

Indeed, it seems to have been so understood, both by the appellant and the Northern Pacific Railroad Company, at the time the former was about to appropriate the strip of land in question for the purposes of its road, for, at that time, both companies, by their attorney, served a notice in writing upon the respondent, that the appellant company was a branch of the Northern Pacific Railroad Company, and, as such, was entitled to the right-of-way "exempted and reserved" in the deed of May 11, 1876, and that the appellant company would "use the said right-of-way at once for the construction and operation of its road now in course of construction."

The next question is, whether the appellant corporation's railroad is such a branch of the Northern Pacific Railroad as entitles it to use, without the consent of the respondent, and without compensation first paid to him, the right-of-way reserved in his deed.

It is not claimed that the appellant ever took any steps, under the statute, to acquire the right-of-way over respondent's land by condemnation, or that it ever paid anything to the respondent for such right-of-way.   Nor is it claimed that appellant's railroad is either a part of the main line or a branch of the road which congress specially authorized the Northern Pacific Railroad Company to construct, by the act of July 2, 1864, by which the company was incorporated, or by any subsequent act or resolution.   By its charter that company was authorized and empowered to construct a railroad line with a branch from one designated point to another.   See 13 St. at Large, 365; 16 St. at Large, 57, 378–9.   But it is argued by the learned counsel for the appellant that inasmuch as the evidence shows that the Northern Pacific Railroad Company, or its officers, actually paid for the construction of appellant's road and for the right-of-way for the same whenever any payment was made therefor, and that it has operated the road ever since its completion, it is "for all practical purposes" a branch of the Northern Pacific Railroad, and as such entitled to the benefit of the reservation in its behalf.   ·

It is true, as claimed by appellant, that whether a particular portion of a railway is a branch railroad or not does not depend upon its length or direction.   But it must be connected with and lead from a main line already constructed in order to be such. *Keeling v. Griffin*, 56 Pa. St. 305; 1 Wood's Ry. Law, § 189.   And it must be a part, a section or sub-division of the main road. *McAboy's Appeal*, 107 Pa. St. 548.   See, also, *Carlson v. Duluth Short Line R. R. Co.*, 38 Minn. 305 (37 N. W. Rep. 341).   No railroad company can construct branch lines unless the power to build them is conferred by its charter, either expressly or by necessary implication.   1 Wood's Ry. Law, § 189, and cases cited.

As we have already seen, the charter of the Northern

Pacific Railroad Company empowered it to construct one specified branch line of road, and we must presume that if congress had intended to authorize it to build branches generally it would have said so.   We are constrained to hold, therefore, that the company, under its charter, is without legal power or authority to construct any other branch line than the one therein mentioned.   As we understand it, the Tacoma, Olympia & Gray's Harbor Railroad Company was incorporated under the laws of this state, for the express purpose of building this railroad.   The two companies are distinct corporations and derive their powers from separate sources.   One was created by the state and possesses only such powers and privileges and is subject to such restrictions as the state has granted or imposed.   The other was chartered by congress, and its rights and duties were prescribed by its charter.   And this being so, it seems to us that neither can enlarge its privileges, or gain any immunities, under the law, by any arrangement it may make with the other.

It is further insisted, however, by appellant, that § 17 of the charter of the Northern Pacific Railroad Company, taken in connection with § 1 of the act of the legislature of March 28, 1890 (Gen. Stat., § 1535), authorizes it to construct branch roads in this state.   But, so far as the present case is concerned, it is not necessary to determine the effect of this legislation.   It is sufficient to observe that the Northern Pacific Railroad Company has not brought itself within the provisions of the act of our legislature. By said § 1535 it is provided, among other things, that any railroad corporation organized under the laws of this state, or of the United States, may build branch roads, either from any point on its line of road, or from any point on the line of any other road.   But it is also provided that, before building any such branch road, such corporation shall, by resolution of its directors or trustees, to be entered

in the records of its proceedings, designate the route of such proposed branch and file a copy of such record, certified by the president and secretary, in the office of the secretary of state, who shall endorse thereon the date of the filing thereof, and record the same, and thereupon such corporation shall have all the rights and privileges to build such branch, and receive aid thereto, which it would have had if it had been authorized in its charter or articles of incorporation.  For aught that appears in the record, the railroad company failed to comply with the requirements of this statute, and it is, therefore, not in a position to claim any benefits thereunder.

Nor do we think that the respondent is estopped by the recitals in the deed, or by the evidence, from denying the right of his grantor to build branch roads.  The word "branches," as therein used, must be taken to mean such branches as the railroad company was, or might be, legally authorized to construct, not such as it might build or operate in the name of some other corporation.

Some minor matters were discussed by counsel which, in view of what we have already said, it is not necessary to consider.

Upon the whole case as presented in the record, we think the judgment of the lower court was right, and it is, therefore, affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.