REYNOLDS *v.* GAERTNER.

Deeds—Reservation—Construction.

A deed conveying a specified half of a quarter section, "except" a specified number of acres conveyed to a specified railroad company, does not entitle the grantee therein to the land conveyed to such railroad company upon its abandonment of its road, under a provision in the deed to such company that, in case the railroad should cease to be occupied for railroad purposes, the right of way granted to the company should terminate.

Error to Monroe; Kinne, J. Submitted June 9, 1898. Decided July 12, 1898.

Ejectment by Edmund W. Reynolds against Herman Gaertner. From a judgment for defendant, plaintiff brings error. Reversed.

*John O. Zabel* and *Willis Baldwin*, for appellant.

*C. A. Golden* and *G. M. Landon*, for appellee.

LONG, J.   Action of ejectment.   The court below made findings of fact and law, from which it appears that on the 16th day of August, 1872, the plaintiff was in possession of, and the owner in fee simple of, the N. ½ of the N. E. ¼ of section 33, town 6 S., range 6 E.   On that day he conveyed the strip in dispute to the Chicago & Canada Southern Railroad Company, by the following description and terms:

" The right to enter upon, construct, maintain, and operate its railroad and appurtenances in and upon the following-described premises, to wit:   The north one-half of the northeast quarter of section thirty-three, town six south, range six east,— and to use and occupy for its railroad a strip of land one hundred feet in width across said above-described premises, as the same is now located thereon by said company; reference being had for a more definite description of the said strip of land to the map of the route of said company on file."

This grant was made upon the condition that the said railroad should be completed through said premises within three years from the date thereof, or, if such railroad should cease to be occupied for railroad purposes, then the right of way granted under such conveyance should terminate.   It is admitted that the said strip has been abandoned by the railroad company, and ceased to be used for railroad purposes, and that the defendant took actual possession thereof.

On March 14, 1881, the plaintiff conveyed the following premises to the defendant, to wit:

"The north one-half of the northeast quarter, except two and forty-six hundredths acres to the Chicago & Canada Southern Railroad, in section thirty-three, town six south, range six east."

Each of the parties to this suit now claims to own the tract so abandoned by the railroad company, so excepted as aforesaid in defendant's deed.   The court found in his conclusions of law that the deed from plaintiff to defendant conveyed the fee of said strip to the defendant, and

that the defendant was entitled to retain possession of the same.

The plaintiff claims that the strip in question was excepted in the deed, and that no interest therein passed to the defendant, and that on its abandonment by the company it reverted to him. The contention of counsel for defendant is that the conveyance to the railroad company was only of a right of way;—an easement,—and that the company was not entitled to take and hold more than that, and that the plaintiff, in his deed to the defendant, meant to except only that which was granted to the railroad company, to wit, the easement. The deed is not susceptible of such construction. The language, "except two and forty-six hundredths acres to the Chicago & Canada Southern Railroad," means that the plaintiff conveyed to the defendant all the land described, excepting therefrom the 2.46 acres. It is the general rule that, where a general description in a deed is followed by a clause stating the intention of the parties as to the premises conveyed, such clause will have a controlling effect upon all prior phrases used in the description. *Plummer* v. *Gould*, 92 Mich. 1 (31 Am. St. Rep. 567). In *Wait* v. *Baldwin*, 60 Mich. 622 (1 Am. St. Rep. 551), it appeared that the plaintiff conveyed the land, and inserted in the deed, after the description, the words, "excepting timber therein." It was held that the title to the timber remained in the plaintiff. In *Vincent* v. *City of Kalamazoo*, 111 Mich. 230, it appeared that the deed conveyed a lot in the defendant city, except so much thereof as was "set apart for sidewalk purposes." It was held that the land excepted was not included in the deed. See, also, *Reidinger* v. *Cleveland Iron Mining Co.*, 39 Mich. 30.

Under the facts found by the court below, the judgment should have passed in favor of plaintiff. Judgment reversed, and judgment entered here for the plaintiff on the findings, and case remanded for further proceedings under the statute.

The other Justices concurred.