[No. 11871.   Department One.   January 7, 1915.]

J. W. STUDEBAKER *et al.*, *Appellants*, v. JOHN BEEK *et al.*,
*Respondents.*[1]

DEEDS — CONSTRUCTION — RESERVATIONS AND EXCEPTIONS. While there is a technical legal distinction between an exception and a reservation, they may be used as synonymous, if necessary to effectuate the intention of the parties; and ambiguity created by the use of both expressions should be resolved by reference to the nature of the thing reserved or excepted.

ESTOPPEL—BY DEED—BOND FOR DEED—PERFORMANCE—ACCEPTANCE. Having accepted a deed with a reservation, in performance of a bond for a deed without any reservation, and canceled the bond on the records, the grantees are not in a position to insist that the reservation was improperly inserted in the deed, there being no suit to reform the deed.

DEEDS — CONSTRUCTION — EXCEPTIONS AND RESERVATIONS—SCOPE— FEE EXCEPTED FROM RIGHT OF WAY EASEMENT. Where an easement for a right of way had been granted to a railroad reserving the fee simple to the grantors, and the railroad went into possession, a subsequent deed of the entire tract, "reserving and excepting" "a strip of land" describing the same by reference to the right of way deed,

[1]Reported in 145 Pac. 225.

did not convey the fee reserved in the railroad right of way deed; as the reservation therein referred to the grantor's fee in the right of way.

SAME. Where, after granting a railroad right of way easement, excepting and reserving the fee, the grantors conveyed a tract to the company for a depot site upon a condition that was never performed, a deed from the railroad company reconveying the depot site for nonperformance of condition, but excepting and reserving the right of way described by reference to the original right of way deed, reinvested the original grantors with all their title at the time the depot site was first conveyed, including the fee simple in the railroad right of way, as originally excepted; and the company could not thereafter convey the fee of that strip, upon abandonment of its right of way.

SAME—RESERVATIONS AND EXCEPTIONS—CONSTRUCTION. A reservation in a deed by a grantor of the fee in a strip of land to which the grantor never had legal title, does not in equity reserve anything; while the reservation in the same words by a grantor who had both the legal and equitable title to the fee will effectually reserve the same, as the relation of the parties to the subject-matter is different, and the equities of all the parties must be considered.

EQUITY—LACHES—DELAY. Having in 1879, accepted a deed with a reservation in full satisfaction of a bond for a deed, it is now too late to assert any equitable claim by reason of the terms of the bond.

Appeal from a judgment of the superior court for Cowlitz county, Darch, J., entered December 12, 1913, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*O'Neill & Spaulding*, for appellants.

*Miller, Crass & Wilkinson*, for respondents.

ELLIS, J.—This is an action to quiet title in the plaintiffs to a strip of land formerly occupied as a railroad right of way. The evidence was chiefly documentary, consisting of instruments the parts of which, hereinafter chronologically set out, constitute the essential facts.

(a) On December 12, 1870, John Beek and Jane Beek, the then owners of a donation land claim where the town of Castle Rock, in Cowlitz county, is now located, conveyed to

the Northern Pacific Railroad Company an easement for a
right of way, described as follows:

"The right-of-way for the construction of a railroad and
telegraph line to the extent of 200 feet wide, of land, on
each side of said railroad, along the entire of said railroad as
located, or to be located, across on hereinafter described lands
and premises, and the right, power, authority, to take from
our said lands adjacent to the line of said railroad material
of earth, stone and timber for the construction thereof, to-
wit: Reserving always the fee simple to said lands and
premises, it being understood that the use of the land for
said railroad purposes is all that is conveyed by this instru-
ment to-wit: Our Donation Claim Certificate No. 12, No-
tification No. 1243, as designated on the plats and records
of the U. S. Land Office at Vancouver, W. T., containing
315-80-100 acres, being: [here follows a particular descrip-
tion of the donation claim.]"

(b)  On December 19, 1871, the same grantors conveyed
by bargain and sale deed to the Northern Pacific Railroad
Company by specific description a part of the donation claim
containing 45.25 acres, upon condition as follows:

"This deed is given upon the express condition that the
said Northern Pacific Railroad Company, party of the sec-
ond part, construct a station and depot upon the line of its
railroad upon the above described premises, with proper and
usual facilities and accommodations for passengers and
freight, and maintain the same permanently."

(c)  On February 20, 1878, the railroad company recon-
veyed to John Beek by quitclaim deed the same 45.25 acres
of land last above mentioned, with the following reservation:

"Reserving and excepting therefrom, however, a strip of
land extending through the same or so much of said strip
of land as may be within said described premises of the width
of four hundred feet, that is, two hundred feet on each side
of the center line of the Northern Pacific railroad as conveyed
by said party of the second part to said party of the first
part, for right-of-way, by deed dated the twelfth day of De-
cember, A. D. 1871."

(d)   Prior to the execution of the deed last mentioned, John Beek executed to one George R. Pyle ·a bond for a deed, providing that, upon the payment of the purchase price, John Beek would convey to Pyle or his legal representatives or order the entire donation claim by particular description, followed by no reservation or exception, and reciting ·"containing three hundred and fifteen acres and eighty-hundredths of an acre, more or less." Across the face of the record of this instrument was written "Cancelled by deed dated June 12, 1879."

(e)   On June 12, 1879, John Beek and Jane Beek, his wife, executed to James Studebaker a deed conveying by particular description the entire donation claim, reciting "containing 315-80-100 acres, more or less," and followed by a reservation and' exception which reads:

"Reserving and excepting therefrom, however, a strip of land extending through the same or so much of said strip of land as may be within said described premises of the width of four hundred feet, that is, two hundred feet on each side of the center line of the Northern Pacific railroad as conveyed by said John Beek and Jane Beek, his wife, to the Northern Pacific railroad company for right-of-way by deed dated the twelfth day of December, A. D. 1870."

(f)   On April 18, 1913, the Northern Pacific Railroad Company executed to one Joseph O'Neill a quitclaim deed of the abandoned right of way across the Beek donation claim. This deed, it is admitted, was given for the benefit of all of the plaintiffs. It was also admitted that the railroad company has recently abandoned this 'part of its former right of way and removed its tracks therefrom.

The evidence showed that the plaintiff James Studebaker was a son-in-law of Pyle and a partner in the purchase of the Beek donation claim. Studebaker testified that the deed from Beek·and wife to him, dated June 12, 1879, was given in compliance with the bond for deed from John Beek to Pyle. It was admitted that the other plaintiffs are the heirs at law of George R. Pyle, who is now dead, and that what-

ever interest they have in the premises comes through the deed to Studebaker. It was admitted that John Beek and Jane Beek both died intestate some years ago, and that the defendants John Beek, Joseph Beek and Mrs. Price were their heirs at law. It is admitted that Mrs. Price has not been heard from for over seven years and that she probably lost her life in the San Francisco fire. She left no issue. John and Joseph Beek are her only heirs. Joseph Beek alone answered. The court found that he is the owner of an undivided one-third interest in the property as heir of John and Jane Beck, and of an undivided one-half of the undivided one-third inherited by Mrs. Price. Decree was entered accordingly, quieting his title to those interests and denying the plaintiffs any relief as against him. The plaintiffs appealed.

The appellants' claims of error are all, so far as material, directed to three points: (1) That the deed from John Beek and wife to the appellant Studebaker, instrument (e), should have been construed in connection with the bond for deed from the Beeks to Pyle, instrument (d), as conveying the fee of the right of way then occupied by the railroad company and reserved to the Beeks in their original deed to the railroad company, instrument (a); (2) that the second deed from the Beeks to the railroad company conveying the 45.25-acre tract, instrument (b), conveyed to the railroad company the fee of the right of way which had been reserved to the Beeks in their original deed of the easement to the railroad company, instrument (a), and the deed from the railroad company of this 45.25 acres back to the Beeks, instrument (c), reserved to the railroad company the fee of the right of way, so that the deed from the railroad company to O'Neill, instrument (f), of the abandoned right of way conveyed the fee title of that strip; (3) that because the reservation in the deed from the Beeks to Studebaker, instrument (e), was couched in the same terms as the reservation in the deed from the railroad company to the Beeks of the

45.25 acres, instrument (c), this reservation inured to the benefit of Studebaker, carrying whatever rights the Northern Pacific Railroad Company had reserved to the Beeks.

I. The claim that the deed from Beeks to Studebaker should be construed in connection with the bond for a deed from Beek to Pyle, is based upon the contention that the reservation in the deed from the Beeks to Studebaker is ambiguous, in that it contained the words "reserving and excepting" as applied to the strip of land here in question. It is urged that the deed should be construed together with the bond for a deed in fulfillment of which the deed was given. The bond for a deed contained no reservation or exception whatever. It is claimed, therefore, that the reservation and exception in the deed was a mere reservation to the railroad company of the easement for a right of way which, when abandoned, passed by the deed and the bond for a deed to Studebaker. This court said, in *Biles v. Tacoma, Olympia & Grays Harbor R. Co.*, 5 Wash. 509, 32 Pac. 211:

"While it is true that there is a technical legal distinction between an exception and a reservation, it is also true that whether a particular clause in a deed will be considered an exception or a reservation depends not so much upon the words used as upon the nature of the right or thing excepted or reserved. Martindale on Conveyancing, p. 106, § 118. An exception is a clause in a deed which withdraws from its operation some part of the thing granted, and which would otherwise have passed to the grantee under the general description. The part excepted is in existence at the time of the grant, and remains in the grantor unaffected by the conveyance. A reservation is the creation in behalf of the grantor of a new right issuing out of the thing granted, something which did not exist as an independent right before the grant. 5 Am. and Eng. Enc. of Law, 1, 455, Title, 'Deeds;' Tiedeman on Real Property, § 843. But frequently the words exception and reservation are used as synonymous, and the term exception will be held to mean reservation whenever it may be necessary to effectuate the intention of the parties to the instrument."

Assuming, therefore, that the use of the words "reserving and excepting" in the Studebaker deed created an ambiguity, that ambiguity must be resolved, not by any technical definition of the words "reserving and excepting," but by the nature of the right or thing reserved or excepted. See, also, *Delano v. Luedinghaus,* 70 Wash. 573, 127 Pac. 197. The evidence shows that, when the bond for a deed was given by the Beeks to Pyle, the records showed that the Beeks, in their original deed of the easement for a right of way to the railroad company, had reserved the fee of the right of way to themselves, the language in that deed being "reserving always the fee simple to said lands and premises, it being understood that the use of the land for said railroad purposes is all that is conveyed by this instrument." Studebaker, for himself and the Pyle heirs, accepted the deed containing a reservation and exception of this right of way in satisfaction of the bond for a deed to Pyle. This is not a suit to reform the deed to correspond with the bond. Having accepted the deed in satisfaction of the bond, and permitted the bond to be canceled of record, Studebaker and the Pyle heirs are now in no position to insist that the reservation was improperly inserted in the deed. Construed with reference to the definitions of reservation and exception above quoted from the *Biles* case, it would seem that the words "reserving" and "excepting" were both properly used. At the time the deed to Studebaker was made, the railroad company was occupying the right of way with its track and enjoying the easement therein. The deed of the right of way having reserved to the Beeks the fee therein, the reservation and exception in the deed to Studebaker from the Beeks should be construed as a reservation of the fee of the right of way to the Beeks, and an exception of the easement in the right of way to the railroad company. While there cannot be with technical correctness both a reservation and an exception of the same thing, as pointed out in the *Biles* case, the nature of the things reserved and excepted in this instance shows

that there was a separate subject-matter upon which each of these terms could operate, the reservation upon the fee of the right of way reserved to the Beeks, the exception upon the easement of the railroad company in the right of way which had been conveyed to the railroad company. It seems plain, therefore, that, when applied to the subject-matter, this deed, read in connection with the original deed of the easement for a right of way to the railroad company and the reservation therein of the fee of this right of way to the Beeks, the deed to Studebaker reserved also the fee of the right of way to the Beeks.

The case of *Hall v. Wabash R. Co.*, 133 Iowa 714, 110 N. W. 1039, presents a situation closely parallel to that before us. In that case a right of way had been previously deeded to the railroad company and later a deed had been made to another person of the entire tract, just as in this case the deed was made from the Beeks to Studebaker. In the deed of the entire tract, the following language was used: "Excepting the part occupied by the right of way of the Iowa Central Railroad Company." In the case here, there was a reservation and exception of the strip of land, and for a description, reference was made to the original deed of the right of way to the railroad company. The cases are thus clearly analogous. The court said:

"This exception is clear and unequivocal, and no title to the land embraced in the right of way passed. She deeded all of the forty-acre tract, except the land occupied by such right of way. We do not see how an exception could be more definite, or how the intent of the grantor could be made plainer. The railroad company then had a ·recorded deed of the right of way. An exception in the grant of the right of way alone would amount to nothing, and, unless the exception in question withheld from the grant the strip of land so occupied, it is meaningless. It was the soil itself that was in terms excepted from the grant, and not merely the right of way. The exception before us is not repugnant to the grant, and must be held valid; and, if it be valid, the

title to the land occupied as right of way remained in the grantor, with the like force and effect as if no grant had been made."

This language is directly applicable to the situation here. Since the railroad company was in possession of the right of way at the time the deed was given to Studebaker, under a prior recorded deed, the reservation and exception in the Studebaker deed would be meaningless, unless it was intended to reserve to the Beeks the title to the soil itself, and not merely to except the easement which had been granted to the railroad company. The language in the deed to Studebaker is even less capable of a contrary construction than was that in the deed in the *Hall* case. The *reservation* could only refer to the title to the soil of the strip in question, even if the exception were held to refer to the easement alone.

The case of *Reynolds v. Gaertner*, 117 Mich. 532, 76 N. W. 3, is also a close parallel to that in hand. In that case a deed excepted from the premises conveyed 2.46 acres which formerly had been conveyed to a railroad company for use as a right of way. The railroad company, as it seems subsequently, abandoned the right of way. The contest was between the grantor and grantee in the first mentioned deed, both claiming title to the strip formerly occupied by the railroad as a right of way. The court held that the exception in the deed was an exception of the fee of the right of way, not merely an exception of the railroad company's easement, and that the title to the land so excepted never passed to the grantee. Here, again, the language in the Studebaker deed, in that it both reserved and excepted the right of way, is less capable of the contrary meaning than that in the deed involved in the *Reynolds* case.

II. The claim that the second deed from the Beeks to the railroad company, conveying the 45.25 acres, conveyed to the railroad company the fee of the right of way reserved in their original deed of the easement to the railroad company might be conceded were it not for the fact that it was given

upon an express condition which was never performed. The evidence fails to show that the railroad company ever constructed or maintained a depot on this 45 acres. Construing the deed from the railroad company of this 45.25-acre tract back to the Beeks, instrument (c), in the light of that circumstance, it seems clear that there was no basis for a reservation by the railroad company of the fee of this right of way. The railroad company never having performed the condition upon which alone its right to any part of the fee of this 45-acre tract could rest, the deed from the railroad company to the Beeks, instrument (c), must be construed as intended to reinvest the Beeks with all they had conveyed to the railroad company in their second deed, and as reserving only what the railroad company had received in its original deed of the right of way, instrument (a), which was nothing more than an easement for the use of the right of way for railroad purposes, the fee being retained by the Beeks. It follows, therefore, that the deed from the railroad company to O'Neill of the abandoned right of way, instrument (f), did not convey the fee of that strip, since the railroad company did not own the fee, and, by the abandonment of the right of way for railroad purposes, lost all right to the strip, in which it had nothing but an easement.

III. The claim that the identity of the reserving clause in the deed from the railroad company to the Beeks with that in the deed from the Beeks to Studebaker would compel the same construction on both deeds, thus carrying the fee of the right of way to Studebaker, would have much force were it not for the fact that the relation of the parties to the subject-matter in the two instances was different. As we have pointed out, the railroad company never had any claim to the fee of the strip of land here in question, except upon a condition which it never performed. Its deed to the Beeks was obviously for the purpose of reinvesting them with the title to the 45-acre tract because of its failure to perform

the condition. On the other hand, the Beeks at all times had the equitable right to the fee of this strip because of the non-performance of the condition. As said in *Delano v. Luedinghaus, supra:*

"In each case the equities of all the parties must be considered in arriving at the intent of the deed."

There was no equity to sustain a reservation in the railroad company of the fee of this strip. Studebaker and the Pyle heirs, however, having accepted in 1879 from the Beeks, who had the equitable and, as we construe it, the legal title in the fee of this strip, a deed reserving it to the Beeks, in full satisfaction of the bond for a deed of the donation claim, can, at this late day, hardly assert an equitable claim to this strip.

Viewed in the light of all of the circumstances, and of the relation of the parties to the subject-matter, we believe that the trial court reached the correct result.

The judgment is affirmed.

CROW, C. J., GOSE, and MAIN, JJ., concur.