C. O. KNUDSON AND ANOTHER v. JOHN TREBESCH.[1]

April 13, 1922.

No. 22,754.

Abstract showing marketable title condition precedent to specific performance.

1. Compliance with an agreement by the vendor in an executory contract for the sale of land to furnish the vendee with an abstract showing a good and marketable title to the land is a condition precedent to his right to enforce the contract.

Apparent defects in title shown in abstract.

2. The vendee may rely on the abstract as furnished and is not required to make independent extraneous investigation to remove or explain away apparent defects in or a cloud upon the title there appearing.

Reservation of right of way in railway company.

3. A reservation contained in several of the deeds forming the chain of title to the land of a right of way in a named railroad company, and noted on the abstract furnished under the contract, renders the title reasonably doubtful, and therefore unmarketable.

Unexplained reservation justifies refusal of performance.

4. Such a reservation unexplained by the abstract is an apparent cloud upon the title justifying the vendee in refusing performance of the contract.

Action in the district court for Renville county to enforce specific performance of a contract for the sale of land. The case was tried before Daly, J., who made findings and as conclusions of law found that the abstract of title furnished by plaintiff did not show a good marketable title on March 1, 1921; denied plaintiffs' prayer for specific performance and ordered judgment for defendant in the sum of $2,000. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*Somsen, Dempsey & Flor*, for appellants.
*Pfaender & Erickson*, for respondent.

[1] Reported in 187 N. W. 613.

BROWN, C. J.

Action for the specific performance of an executory contract for the sale of land in which defendant had judgment and plaintiff appealed.

The facts are not in dispute, and the question presented by the appeal is one of law. The contract sought to be enforced was it writing, of date July 30, 1920, and contained, among other pertinent provisions, an express stipulation imposing upon plaintiffs as vendors the obligation to furnish to defendant, vendee, on March 1, 1921, the time fixed for the performance of the contract by both parties, an abstract showing a good marketable title to the land. The abstract was furnished at the time named in the contract, but, owing to certain matters contained therein which defendant claimed constituted a cloud upon the title, he declined to accept it as marketable and refused to go further in the performance of the contract. Plaintiffs elected to stand on the abstract as furnished; there was no effort to correct or remove the defect complained of by defendant, and shortly thereafter they brought this action for specific performance.

Defendant complained of and pointed out several alleged defects in the title appearing from the abstract, only one of which requires special attention in disposing of the case; all others are passed without specification or comment. The defect mentioned and which in our view justified defendant in the conclusion that the title to the land was defective, rendering it unmarketable, is found in the reservation embodied in several of the deeds forming the chain of title of a right of way over the land in the St. Paul, Minneapolis & Manitoba Railroad Company.

It is settled law in this state, and no doubt elsewhere, that a full compliance with an undertaking or agreement by the vendor in an executory contract for the sale of land to furnish the vendee with an abstract showing a good and marketable title is a condition precedent, unless waived, to a right to enforce the contract of sale, and the abstract furnished must on its face disclose a marketable title in the vendor. The vendee may rely thereon and is not required to make independent extraneous inquiry or investigation to remove or explain

away apparent defects in the title there appearing. Horn v. Butler, 39 Minn. 515, 40 N. W. 833; Howe v. Coates, 97 Minn. 385, 107 N. W. 397, 4 L. R. A. (N. S.) 1170, 114 Am. St. 723, and citations. It is equally well settled that a marketable title is one that is free from reasonable doubt. 3 Dunnell, Minn. Dig. § 10024. Counsel do not question the rules stated, but contend that they are inapplicable to the facts here presented; the precise point being that the reservations are in favor of a stranger to the deeds wherein contained, therefore of no legal effect.

The land originally formed a part of the land grant of the First Division of the St. Paul & Pacific Railroad Company, to the rights and interests of which, we may assume, the St. Paul, Minneapolis & Manitoba Company succeeded. The land was conveyed by trustees of the St. Paul & Pacific Company to David C. Shepard, and by Shepard to N. Henningsen and George B. Weiser, who in turn and by deed bearing date June 30, 1906, conveyed to Henry B. Wendorf and others. In this conveyance appears a reservation, as noted on the abstract: "Reserving however to St. P. Mpls. & Manitoba Railroad Co. for R. of W. or other railroad purposes a strip of land 150 feet wide over the above granted premises." Three subsequent conveyances contained substantially the same reservation. But no railroad was ever constructed over the land, and whether a right of way was ever selected over the same does not appear. The railroad company was not a party to either of the deeds containing the reservations, and for aught that appears was a stranger to the transactions out of which the deeds arose. But the reservation, whether valid and effectual when all the facts are disclosed or invalid, served as notice to defendant that the railroad company at least apparently had some claim to the land for right of way purposes. With notice thus communicated by an abstract a purchaser would take title subject to the right, if valid, though not disclosed by the record; the presence of the reservation of record would require of him further inquiry to ascertain the foundation and basis of the reserved right. Doescher v. Spratt, 61 Minn. 326, 63 N. W. 736; Bergstrom v. Johnson, 111 Minn. 247, 126 N. W. 899; Shraiberg v. Hanson, 138 Minn. 80, 85, 163 N. W. 1032; 3 Dunnell, Minn. Dig. § 10073, et. seq.

In this case plaintiffs had contracted to furnish an abstract showing marketable title; the abstract gave notice of the outstanding claim of right of way by the railroad company. That claim may or may not be valid. Bendikson v. Great Northern Ry. Co. 80 Minn. 332, 83 N. W. 194; Carlson v. Duluth S. L. Ry. Co. 38 Minn. 305, 37 N. W. 341; Hedderly v. Johnson, 42 Minn. 443, 44 N. W. 527, 18 Am. St. 521. It may have existed by a separate unrecorded deed or other written contract, of which the grantors in the deeds containing the reservation had notice, and were thereby guarding against subsequent assertion of the right against them by the railroad company or its grantee.

The situation in this respect is not unlike, in point of substance, the case of Austin v. Barnum, 52 Minn. 136, 53 N. W. 1132. That case involved a contract to sell and convey a good title by warranty deed. It appeared on the face of the record that the right to foreclose a mortgage upon the property, remaining unsatisfied of record, had expired by the statute of limitations, more than 15 years having elapsed from the date when the mortgage matured. The court held the title not marketable, since there might have been an outstanding unrecorded extension of the time for payment of the mortgage debt; that there was therefore a reasonable doubt whether the property was free from the mortgage, and the vendee was held not bound to accept it. In the case at bar there may be, as already suggested, an outstanding valid right-of-way contract, of which the abstract gives notice sufficient to put a purchaser on inquiry, thus rendering the title reasonably doubtful and unmarketable. In this situation it becomes immaterial that the railroad company was a stranger to the particular deeds in which the reservations are found.

This covers the case and all that need be said in disposing of the appeal. The learned trial judge was right in holding the title defective within the rule applicable to such cases, and, while he did not select this as the particular defect, the decision was right on the record, although he may have given a wrong reason therefor. We do not say that he was in error in the reasons assigned, for no consideration is given the other alleged defects in the abstract.

Judgment affirmed.