SAMUEL WERTHEIMER v. NELLIE A. BYRD.

153 N. W. (2d) 252.

September 22, 1967—No. 40,398.

*James G. Paulos,* for appellant.
*Samuel Wertheimer,* pro se, for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying defendant's blended motion for a new trial or judgment notwithstanding a directed verdict.

The action involved was instituted by Samuel Wertheimer against Nellie A. Byrd to recover $2,019.12 ($1,000—the downpayment made pursuant to a contract dated July 1, 1963, for the purchase of real estate owned by defendant; $500—money paid by plaintiff to secure the release of an exclusive sales listing previously made by defendant with a real estate broker; and $519.12—damages claimed for expenditures made in improving the realty pending the delivery of a deed conveying marketable title as contemplated by the contract). Defendant's answer claims that the contract was properly canceled by her pursuant to Minn. St. 559.21 for plaintiff's failure to comply with its terms, and she also counterclaimed for damages in the amount of $3,500 for loss allegedly sustained because of action taken by her in reliance on the anticipated consummation of the contract and because of plaintiff's premature effort to alter the realty.

Although the case was tried before a jury, the trial court found as a matter of law that plaintiff was entitled to and did rescind the contract to purchase upon the failure of defendant to make timely tender of a deed conveying the marketable title specified in the written agreement. The jury's role was limited by special interrogatories, in response to which it found that the work done by plaintiff on the realty before rescission caused neither benefit nor damage to it.

Findings of fact and conclusions of law were entered in plaintiff's favor, the controlling one reading as follows:

"That upon closing said transaction defendant tendered a warranty deed subject to the encumbrance of a permanent easement against said property which defect in title was not excepted in the earnest money contract."

The above-mentioned post-trial motion having been denied, defendant contends in this court that if the acknowledged easement rendered the title unmarketable, the trial judge erred in failing to submit to the jury the question of whether the parties understood that the title to be conveyed

would be subject to the easement even though this understanding was not expressed in the written contract for purchase. She urges, also, that the trial court erred in refusing to accept proferred testimony to the effect that, although plaintiff refused to accept the title tendered, he offered to waive his objections to it if the agreed purchase price would be reduced.

■ An outstanding easement makes title to realty unmarketable in a situation where the title to be conveyed as specified in the contract to purchase has not been made subject to such easement. See, Knudson v. Trebesch, 152 Minn. 6, 187 N. W. 613; 92 C. J. S., Vendor and Purchaser, §§ 206, 208. Although the statute of frauds does not prevent amendment of a written agreement by parol testimony, the terms of a written instrument are binding on the parties and cannot be altered or varied by parol evidence which is not clear and convincing. See, Gethsemane Lutheran Church v. Zacho, 258 Minn. 438, 104 N. W. (2d) 645; Glaser v. Alexander, 247 Minn. 130, 76 N. W. (2d) 682; Abramson v. Nelson, 263 Minn. 308, 116 N. W. (2d) 405.

Without conceding defendant's implicit position that the reformation of contracts is a proper field for jury rather than trial judge determination, we hold that in this case there was no such adequately clear and convincing evidence as would support an amendment of the contract for purchase to make the title subject to the easement. And we do not find evidence of a subsequent agreement supported by consideration which would be amendatory of the July 1 contract.

■ The fact that the vendee under an agreement to purchase land offers to take less than he is entitled to receive under the contract in exchange for a reduction in the price agreed upon is not admissible as evidence of intent of the parties when the agreement was made. See, Esser v. Brophey, 212 Minn. 194, 3 N. W. (2d) 3.

Affirmed.