**Loren R. ORTENDAHL, et al.,**
**Respondents,**

v.

**Loren L. BERGMANN, et al.,**
**Appellants.**

**No. C9–83–1209.**

Court of Appeals of Minnesota.

Jan. 25, 1984.

Randolph T. Brown, Brown & Saetre, Long Prairie, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and FOLEY and SEDGWICK, JJ.

## OPINION

FOLEY, Judge.

This case is an appeal by the defendant-purchaser from a district court judgment granting plaintiffs-vendors specific performance of a purchase agreement entered into by the parties following vendors' auction of property described as "10 Main Street, Osakis, Minnesota." Although the trial court properly admitted parol evidence to clarify the legal description, it completely changed the meaning of the contract by including lands of Burlington Northern

Railroad, Inc., owner of a portion of the property. Plaintiffs-vendors were unable to deliver marketable title and specific performance should not have been granted. We reverse.

## FACTS

The purchaser attended a public auction on July 21, 1981, in Osakis, Minnesota, where real property of vendors was offered for sale. At the auction, reference was made to the fact that railroad property ran across the property and there was a common stairway.

Following acceptance of purchaser's bid, the parties entered into a purchase agreement which had been drafted by plaintiffs' auctioneer-real estate agent. The agreement described the property as being located "at 10 Main St.; Osakis, Minn." "legally described as follows, to-wit: LEGAL TO GOVERN TO CONFORM TO ABOVE ADDRESS." The agreement required vendors to convey marketable title to this property subject only to listed exceptions. The railroad lease and common stairway encumbrances were not listed as exceptions. The agreement also contained a covenant by the vendor that the building was "entirely within the boundary lines of the property."

After the auction but before trial, the purchaser learned that Burlington Northern, Inc. (hereafter Burlington), owned part of the land at 10 Main Street, including part of the land on which the building is situated. Purchaser also learned that the common stairway encumbrance required the owner to maintain, repair and insure the stairway. Purchaser refused to conclude the purchase of the premises and the vendors brought suit seeking specific performance of the purchase agreement.

Purchaser moved for summary judgment. However, trial was held on September 21, 1982 before the motion was considered and despite purchaser's objections to the receipt of any parol evidence to modify the purchase agreement.

The motion for summary judgment was subsequently denied. The trial court issued its decision on July 25, 1983, finding

that the vendors were entitled to specific performance of the purchase agreement as re-written by the court. The court determined that since the terms of the sale were clearly announced before the sale, the announced terms, including the Burlington property interest and the common stairway encumbrance, constituted a part of the purchase agreement even though the agreement failed to make reference to these encumbrances. The court inserted the following legal description in the purchase agreement:

The East 9 feet of Lot Five (5), all of Lot Six (6), Block 11, Original Townsite of Osakis, according to the plat thereof on file in the Office of the County Recorder in and for Douglas County, Minnesota, together with all of that part of the premises of Burlington Northern, Inc., a Delaware Corporation, as shown on the hatched area on the print hereto attached, marked as Exhibit "A", dated January 24, 1974, which constitutes all of the property leased by Loren Ortendahl from Burlington Northern, Inc., a Delaware Corporation under lease # 213,984.

## ISSUES

1. Whether the trial court, in clarifying by parol evidence an ambiguous legal description, may rewrite a purchase agreement to include in the description the property interest of a third party over objection of purchaser?

2. Whether specific performance lies to enforce a purchase agreement where vendors agree to convey marketable title to certain property free of unlisted encumbrances and the property is encumbered by a lease and a common stairway?

## ANALYSIS

In reviewing the decision of a trial court the appropriate scope of review is that a finding of the trial court is not to be disturbed unless clearly erroneous, either upon a clear demonstration that it is without substantial evidentiary support or that it was induced by an erroneous view of the law. *See Pettibone Minnesota Corp. v.* *Castle,* 311 Minn. 513, 247 N.W.2d 52 (1976).

1. The trial court correctly interpreted the law, allowing the consideration of parol evidence for the limited purpose of identifying the land and supplying the legal description of land which is identified only by a street address in the contract. *See Colstad v. Levine,* 243 Minn. 279, 282–83, 67 N.W.2d 648, 652 (1954). The trial court could properly supply the legal description of the property located at 10 Main Street, Osakis; but it had no authority to re-write the agreement by also including a reference to the interest of Burlington. "Extrinsic evidence can only be considered to aid construction of the meaning of what is written and not to create a new and different contract." *Telex Corporation v. Balch,* 382 F.2d 211, 216 (8th Cir.1967).

When the trial court supplied the legal description for 10 Main Street, Osakis, it used the legal description from the abstract but added the interest of Burlington based upon parol evidence. The inclusion of the railroad interest was inappropriate for several reasons.

First, the inclusion of Burlington's interest based on parol contradicts several of the court's findings. The trial court made the following findings with regard to the contract:

VI. All buildings are situated on either the land actually owned by the Plaintif[f]s or on the land leased from Burlington Northern by Plaintiffs.

VII. The said purchase agreement signed by Plaintiffs and Defendant, Loren L. Bergmann, contained the entire agreement of the parties and constituted a meeting of the minds of the parties.

VIII. There were no subsequent oral modifications or changes to said purchase agreement.

These findings were unchallenged by plaintiffs-vendors.

Second, the inclusion of the Burlington property interest contradicts the written promise of the vendors to convey marketable title subject only to the listed excep-

tions. Neither the Burlington interest nor the common stairway are listed as encumbrances. It also contradicts the vendor's covenant that buildings, if any, are entirely within the boundary lines of the property.

The Minnesota Supreme Court has held, "Where the language used in a contract is plain and unambiguous, there is no opportunity for interpretation or construction.... The meaning of a contract is to be ascertained from the writing alone, if possible, the duty of the court being to declare the meaning of what is written in the instrument, not what was intended to be written." *Carl Bolander & Sons, Inc. v. United Stockyards Corp.*, 298 Minn. 428, 433, 215 N.W.2d 473, 476 (1974). Furthermore, "It is well recognized that a court will not resort to construction where the intent of the parties is expressed in clear and unambiguous language but will enforce and give effect to the contract according to its terms, in the absence of fraud or other grounds affecting enforcement according to its terms." *Wurdemann v. Hjelm*, 257 Minn. 450, 459, 102 N.W.2d 811, 817 (1960). When the trial court included the Burlington property interest in the legal description, it failed to consider well-known principles of contract law because the expressed and unambiguous intent of the parties was to convey marketable title to the property at 10 Main Street free of unlisted encumbrances.

Third, the addition of the Burlington interest to the purchase agreement violated the parol evidence rule:

The rule has become mere hornbook law that, where parties have reduced their contract to writing, the contract may not be proved by prior or contemporaneous utterances or writings and that these are entirely immaterial for the purpose of determining what the terms of the contract are. By making the writing the only depository and memorial of the contract, what was said during the negotiations therefor or at the time of its execution must be understood to be superseded by the writing, and so much of what was thus said as is not carried forward into the writing must be deemed to have been waived or abandoned. *The rule is not one of evidence, but of substantive law—the writing is the contract, not merely the evidence thereof. Antecedent and contemporaneous utterances are excluded, not because they are lacking in evidentiary value, but because the law for substantive reasons declares that such matters shall not be shown. If the rule were otherwise, there would be an absurd futility in written contracts which it is the purpose of the parol evidence rule to prevent.* (Emphasis added.)

*Karger v. Wangerin*, 230 Minn. 110, 114–15, 40 N.W.2d 846, 849 (1950). Purchaser objected at trial to the admission of any parol evidence. However, the court proceeded to take and rely on parol evidence to include the reference to the Burlington interest in the legal description of the purchase agreement.

■ Fourth, the trial court's decision to include the Burlington interest in the agreement went beyond supplying words to clarify an ambiguity as to description, it reformed and re-wrote the agreement. A contract may only be reformed when there is a mutual mistake or mistake by one party and fraud or inequitable conduct by the other party. *Marso v. Mankato Clinic, Ltd.*, 278 Minn. 104, 116, 153 N.W.2d 281, 289 (Minn.1967). Since the plaintiffs did not seek reformation and the court did not try this case as one where mistake or fraud was claimed, reformation of the contract was improper.

■ 2. After the trial court re-wrote the contract of the parties it then proceeded to compel purchasers to perform the new contract. This was error. *See Damazo v. Neal*, 32 Md.App. 536, 543, 363 A.2d 252, 257 (1976). Instead, equity denies specific performance "where to grant it would be to compel the defendant to perform a contract which he did not intend to make or which he would not have entered into had its true effect been understood." *Id.*

The trial court's grant of specific performance seemed to rely on the theory that

the purchaser waived the defects of title of which he was informed before the contract was executed.

Another trial court followed this approach in *Dosch v. Andrus*, 111 Minn. 287, 126 N.W. 1071 (1910), a case involving a similar fact pattern. In *Dosch* the parties entered into a contract for the conveyance of a clear title to certain land. Upon examination of the title the purchaser learned a railroad company had reserved a right of way across a strip of the land. Purchasers therefore demanded a quitclaim or other deed from the railway company. When the vendors did not produce such a deed, purchasers sued to recover their earnest money and expenses. The trial court instructed the jury that if the purchasers were aware of the right of way before they entered into the contract, they waived this defect in title and must perform the contract. The jury found for the defendants-vendors, denying purchasers recovery of their earnest money.

On appeal, the Minnesota Supreme Court disagreed that a purchaser could be held to waive a defect in title because of discussions held prior to the signing of a purchase agreement. The court reasoned:

> The agreement to purchase and sell, having been reduced to writing and signed by the parties, is controlling. This written contract, which cannot be contradicted or varied by parol evidence, bound the defendants [vendors] to convey a clear title. As correctly held by the learned trial judge, the reserved right of way was a substantial defect in defendants' title.... Upon those facts the plaintiffs were entitled to recover [their earnest money].

111 Minn. at 293–94, 126 N.W. 1071.

■ *Dosch v. Andrus, supra*, controls here. The announcements at the auction, made prior to the signing of the purchase agreement, do not constitute a waiver by the purchaser of marketable title. Since the railroad encumbrance constitutes a substantial defect in vendor's title, vendor's suit for specific performance should have been dismissed. The Oregon Supreme Court provides further support for this conclusion:

> If the written contract provides that the vendor shall convey the premises free from encumbrances, it is immaterial that the purchaser had knowledge at the time of contracting, that there was an encumbrance on the property. The vendor assumed the risk of acquiring clear title and the purchaser had the right to insist on the terms of the contract.

*Wittick v. Miles*, 274 Or. 1, 545 P.2d 121, 125 (1976).

Vendors are unable to convey marketable title because Burlington's interest in the property at 10 Main Street, Osakis, encumbers their title. *See Knudson v. Trebesch*, 152 Minn. 6, 187 N.W. 613 (1922); *Dosch v. Andrus, supra*, 111 Minn. at 293, 126 N.W. 1071. "An executory agreement to sell and convey land implies a warranty on the part of the vendor that he is the owner of the property; that he has the right to convey it, and that he will convey a merchantable title, free and clear of all incumbrances." *Boekelheide v. Snyder*, 71 S.D. 470, 26 N.W.2d 74, 76 (1947). In addition, the failure of the contract to note the common stairway encumbrance also constitutes a defect in vendors' title. *See Wertheimer v. Byrd*, 278 Minn. 150, 152, 153 N.W.2d 252, 253–54 (1967) (citing *Knudson v. Trebesch, supra*, with approval); *Madhavan v. Sucher*, 105 Mich.App. 284, 306 N.W.2d 481, 483 (1981).

The trial court in the instant case should have denied the vendors specific performance. A purchaser "need not go ahead with his obligations under a contract where it is shown that it is impossible for the other party to perform." *Spangler v. Misner*, 238 Iowa 600, 28 N.W.2d 5, 9 (1947). *See Dosch v. Andrus, supra*.

Reversed, with directions to enter judgment for defendant dismissing plaintiffs' complaint.