WILEY v. SIRDORUS.

1. **Deed**: CONSTRUCTION: INTENTION OF PARTIES. While exceptions and reservations in a deed, expressed in a doubtful manner, are to be construed most strongly against the grantor, yet if the intention of the parties can be fairly ascertained from the instrument such intention will govern in its construction.

*Appeal from Jefferson District Court.*

THURSDAY, SEPTEMBER 23.

THE plaintiff alleges in his petition that the defendant committed a trespass upon his property, by digging and removing a large quantity of coal belonging to him. He avers that he sold and conveyed the land, but that he reserved or excepted the coal thereunder for his own use. The petition asks a judgment for damages and also an injunction to restrain further trespasses.

The answer is a general denial, and pleads the statute of limitations.

The court rendered a decree for the plaintiff for six hundred dollars and costs, and perpetually enjoined the defendant as prayed. The defendant appeals.

Wiley v. Sirdorus.

*C. & L. S. Negus* and *Slagle & Acheson,* for the appellee.

An exception in a conveyance differs from a reservation, although the latter is sometimes treated as an exception. (3 Washburn on Real Prop., 3d Ed., p. 369.) That which is made indefinite in a deed should always yield to that which is certain. (3 G. Greene, 507.) Covenants are not to be construed so as to enlarge the estate granted, and, if there is ambiguity, the construction is to be most strongly against the grantor. (5 Iowa, 66; 3 G. Greene, 363.) An exception is to be taken most favorably for the grantee. (3 Johnson, 375; 8 Johnson, 394.) The understanding and agreement of the parties relative to the reservation must be ascertained by the face of the conveyance itself. (3 Ind., 200.) Doubtful words and provisions in a deed poll are to be taken most strongly against the grantor. (3 Mass., 361; 4 Id., 205.) If the description be so uncertain that it cannot be known what estate was intended, the conveyance will be void. (3 Iowa, 84.)

*Culbertson & Jones* and *Stubbs & Leggett,* for appellant.

The law knows but one christian name, and the omission of a middle name or its initial does not affect the execution of a deed. (2 Washburn on Real Prop., 589; 2 Hilliard on Real Prop., 334.) It is immaterial whether the writing is termed a reservation or an exception since courts sometimes treat the former as exceptions. (2 Washburn on Real Prop., 602; 2 Hilliard on Real Prop., 352-3-4.) A construction of words should always be made, if possible, to support what seems to be the intent of the parties. (3 G. Greene, 367; 5 Iowa, 66.)

MILLER, CH. J.—Only one question properly arises upon the record before us, and that is as to the proper construction of the deed from the plaintiff to one Josiah Lydich, for the land from beneath which the coal in controversy was taken, it being conceded that, if the plaintiff is entitled to recover, the amount of the judgment is not too much. The deed is as follows:

"Know all men by these presents, that we, Alexander Wiley

and Elizabeth Jane Wiley, his wife, of the County of Jefferson; and State of Iowa, for the consideration of one hundred dollars, do hereby convey to Joseph Lydich, of the County of Jefferson, and State of Iowa, the following tract of land, situate in Jefferson County, State of Iowa, and described as follows: The east half of the east half of the southeast quarter of the northeast quarter of section No. (32) thirty-two, in township No. seventy-three, north of range No. nine west, containing ten acres.

"*The said Wiley reseas a setain$^{m}$ Coal Banks thats is on the said described land in said$^{a}$ soil.*

"And we warrant the title against all parties whomsoever. Witness our hands this first of April, 1854.

[Signed] ALEX. S. WILEY,
ELIZABETH J. WILEY."

"CHARLES DAVID."

The italics in the above are ours, and the language italicised is identical in orthography, erasures and interlineations with that in the original deed. It is claimed by the appellant that this language is too uncertain to warrant the finding and decree of the court below. It is argued that it is neither an exception nor a reservation; in a word, that it is meaningless and must be rejected; and authorities are cited to the effect that exceptions and reservations in conveyances are to be construed most strongly against the grantor—the party in whose favor they are inserted. While this is true the rule is, we think, well settled that if it can be fairly ascertained from the language of the instrument what the parties thereto intended, their intention will be given effect. See *Worthington v. Hylyer*, 4 Mass., 195, 205; *Adams v Frothingham*, 3 Mass., 352, 361; *Bosworth v. Fahrenholz*, 3 Iowa, 84, 87; *Gibson v. Minet*, 1 H. Bl., 569; *Packard v. Hill*, 7 Cowan, 434; and see 2 Parsons on Contracts, pp. 494–498, and cases cited in notes.

The language of the exception in this deed is very inartificial in its construction, and the orthography is bad; but we think

1. DEED: construction: intention of parties.

Haines v. The Illinois Cent. R. Co.

that to the ordinary mind there can be no room for doubt as to what was intended. Every one reading it must, we think, conclude that it was intended by the grantor to except from the operation of the grant a "certain coal bank" that was on the land, that such "coal bank" was not intended to go with the land included in the sale. It is evident that this is what he tries to say by the language used. Appellant's counsel argue that the description in the exception or reservation is void, because of uncertainty, that, if there be more than one "coal bank" on the premises, it would be impossible to determine which was intended. To this it may be answered that there is no evidence whatever of more than one "coal bank" on the land, and we will not presume the existence of a fact of which there is no evidence, in order to render the description uncertain. The words are *"a coal banks,"* which may not include two or more, but certainly will include one, and all of the coal accessible by the one "bank," so-called, would be excepted from the operation of the grant.

The judgment of the District Court will be

AFFIRMED.