VINCENT *v.* CITY OF KALAMAZOO.

ADVERSE POSSESSION — CONVEYANCES — RESERVATION FOR SIDE-
    WALKS.

> Actual possession and occupancy for the statutory period, by
> successive owners of a city lot, of a strip of land included
> within the platted lines of a public street, is sufficient to
> establish title as against the city, although none of the owners
> occupy the premises for the full period, and each conveyance
> excepts that part set aside for sidewalk purposes, where the
> part actually used for a sidewalk has never included the strip
> claimed, and the recorded plat sets aside no specific land for
> such purpose.

Appeal from Kalamazoo; Buck, J.    Submitted No-
vember 11, 1896.    Decided December 18, 1896.

Bill by Edward B. Vincent against the city of Kalama-
zoo to restrain interference with the erection of a building.
From a decree for complainant, defendant appeals. Af-
firmed.

*Howard & Roos,* for complainant.

*George P. Hopkins (E. M. Irish,* of counsel), for
defendant.

HOOKER, J.   On July 25, 1894, James Carrol conveyed
to the complainant, by warranty deed, the following par-
cel of land in the city of Kalamazoo, viz. :

"That part of lot number 233 commencing 26½ feet
from the south curbstone, the same being 21 feet from the
center, of Water street;  *  *  *  running thence east
66 feet; thence north 26½ feet; thence west 66 feet;
thence south to place of beginning,—and containing the
land therein, except that set apart for sidewalk pur-
poses."

Previous to this time, and from 1864 to 1893, when 'the building was destroyed by fire, the curbstone was distant 10 feet from the side wall of a wooden building situate upon said lot, and the sidewalk covered the space between the wall of the building and the curb.   The complainant proposed to erect a brick building upon the site of the former building, the north wall to be placed at a distance of 10 feet from the curb.   The city claimed that such a location of the wall would encroach upon the street 2 feet, and an inspection of the recorded plat shows that this strip of land 2 feet wide, adjoining the sidewalk upon the south, was within the limit of the street as platted. This bill is filed to restrain the defendant city from preventing complainant from covering by his proposed building the two-foot strip of ground.

The case turns upon the question of adverse possession. It seems to be admitted that the buildings have covered this ground for about 30 years, during which period no claim of encroachment was made by the city; but it is contended that none of the owners occupied the premises more than 8 years, and that each one excepted this strip when the property was conveyed by him, and that consequently his successor acquired no advantage by reason of the adverse occupancy.   This contention is, of necessity, based on the claim that the part of the street set aside for sidewalk purposes included all of the land between the curb and the street line as platted, *i. e.*, 12 feet. There is no evidence that any portion of the street was "set apart for sidewalk purposes," except the fact that a walk 10 feet wide existed.   Nothing in the plat shows an intention to designate any part for sidewalks, nor is there evidence of any corporate action setting apart this 2 feet with other land for sidewalks.   The only reasonable construction, therefore, is that the exception referred to the land actually in use for that purpose, viz., 10 feet. It is unnecessary to discuss the legal question, as it has been frequently held that the public could lose an easement

by nonuser, accompanied by occupancy by an adjoining proprietor.

The judgment is affirmed.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. MOORE, J., did not sit.