ROBERT J. EDWARDS V. OLLIE BRUSHA AND MARY ELIZABETH TAYLOR.

(Filed February 13, 1907.)

1. CONVEYANCES—Exceptions—Preservations—Defined and Distinguished. An exception in a deed withholds from its operation some part of the parcel of the thing which, but for the exception, would pass by general description to the grantee; while the reservation is the creation of some new right issuing out of the thing granted and which did not exist before as an independent right, in behalf of the grantor and not to a stranger.

2. SAME—Reservation. A deed which conveys a portion of a quarter section of land by exact metes and bounds, and then contains the proviso "Provided however that a strip of land sixty (60) feet wide on the east and a strip of land (80) feet wide on the south, and a strip of land one hundred (100) feet wide on the west of said tract of land is hereby reserved for street purposes when said quarter section of land shall be platted." creates a

reservation in said strips, and the fee passes by the deed to the grantee.

3. REAL PROPERTY—Dedication—Steets and Alleys A/ recorded plat of lands within the city showing lots, blocks, streets and alleys, when filed by the owner of the land embraced in the plat, constitutes such dedication to public uses of the streets shown on such plat as will prevent the holder of the fee from maintaining an action for possession against an adverse claimant to a portion of the street. The city may protect its streets from encroachments by individuals for private uses.

4. PLEADINGS & PRACTICE—Action to Recover Land. Where one brings an action to recover a body of land, and the facts show that he is entitled to recover a portion but not all for which he sued, he may recover that portion which the pleadings and facts show him entitled to, as the law does not favor a number or suits to accomplish a purpose when the courts may determine the rights involved without prejudice.

5. CONVEYANCES—Construed, How. A conveyance is to be construed most strongly against the grantor.

· (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Bayard T· Hainer, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*T. G. Chambers, S. A. Horton* and *Fred S. Caldwell,* for defendant in error.

Opinion of the court by

BURFORD, C. J.:   This is an action to recover possession of real estate and involves the construction of the provisions of a deed of conveyance. The plaintiff in error, Robert J. Edwards, was the owner of a tract of land within the limits of the city of Oklahoma City. The quarter section, of which the land in dispute is a part, was all owned by one Parleir who conveyed to Edwards and Cook the portion in controversy, and Cooke conveyed his interest to Edwards. Parleir

then conveyed another portion of the tract to Brusha, and Taylor became the owner of a portion of Brusha's interest. Edwards, prior to the bringing of this action, platted all of his tract into blocks, lots, streets and alleys, except a strip sixty (60) feet wide off the west side. Brusha then platted the portion held by her. The deed by which Edwards holds title contains this description: "All that portion of the northwest quarter (1-4) of section thirty-three (33), in township twelve (12) north of range three (3) west of I. M., described as follows: Commencing at a point on a line drawn east and west through the middle of said quarter section and parallel with the northern and southern boundary lines of, said quarter section, five hundred and twenty (520) feet west of the point of intersection of said line with the eastern boundary of said quarter section, thence south on a line parallel with the eastern boundary line of said quarter section to a point of intersection with a line projected west into said quarter section from the south side of Sixth (6) street of Oklahoma City, O. T·, and parallel with the northern boundry line of said quarter section, thence due west on said projected line five hundred and sixty feet, thence due north on a line parallel with said boundary line of·said quarter section to a point of intersection with said line drawn through the middle of said quarter section on which was located the point of beginning, thence east to the point of beginning. Provided however, that a strip of land sixty (60) feet wide on the east and a strip of land eighty (80) feet wide on the south and a strip of land one hundred (100) feet wide on the west of said tract of land is hereby reserved for street purposes when said quarter section of land shall be platted."

Edwards Ave. platted 100 feet wide includes
40 foot strip of disputed land.

It is the reservation or exception in the deed that is the subject of the controversy in this case. It is admitted that the defendants are in possession of the controverted strip, and the plaintiff seeks to recover possession, based upon his deed.

The foregoing diagram shows the present status of the strip in controversy and is explanatory of the surroundings.

It is conceded that the determination of the case must depend upon whether the provision in the deed to Edwards constitutes a reservation or an exception of the strips of land herein refered to for street purposes. The trial court held that it was an exception; that the title to the designated strips did not pass to Edwards by the deed and pronounced judgment in favor of the defendants.

It is urged by counsel for defendants in error that the case was tried in the district court upon the theory that the deed contained an ambiguity and that parol evidence was admissible to ascertain the intention of the parties and they now insist that this court will require the plaintiff in error to adhere to that theory and that the cause must be affirmed for the reason that the trial court heard evidence and decided a material question of fact in support of which there was competent evidence. We have carefully examined the record and find nothing to support this contention. The only evidence in the record is that which was necessary to show the title of the plaintiff, the possession of the defendants and the status of the land at the time of the trial. There is no evidence in the record that in the least tends to explain what the intentions of the grantor or grantees were at the time the deed to Cooke and Edwards was executed.

While in many cases there is difficulty in determining whether the provisions in a deed constitute an exception or a reservation, it is held that the use of the word "reserve" or "except" will not necessarily control, but that the whole of the instrument will be taken into consideration and the intention of the parties, if ascertainable, must control.

The rule is well settled that in all cases requiring the terms of a deed to be construed, if there be doubt, the language will be construed most strongly against the grantor. A reservation is a clause in a deed whereby the grantor reserves some new thing to himself out of that which he granted before. It differs from an exception, which is ever a part of the thing granted, and of a thing *in esse* at the time. The object of an exception is to take something out of the thing granted that would otherwise pass. In the case of a reservation the fee passes and the grantor reserves to himself some right, privilege, interest or easement. In the case of an exception the excepted portion does not pass but is retained in the grantor. In most every adjudicated case where there has been a conveyance of the fee and an exception or reservation of a right of way, of a roadway, or of highways, or streets, which usually are mere easements, the courts have construed the exception as constituting a reservation.

In the case under consideration there does not seem much room for doubt; the grantor conveyed to Edwards and Cooke a specifically defined and accurately described tract of land; the measurements and boundaries given embrace the disputed strip; he then reserves a strip on each of three sides of the tract for street purposes when the quarter section is platted. The intent seems plain and the purpose apparent.

He did not convey to these grantees all of the quarter section of which he was the owner, but only a small portion of it. He had no interest in the question of streets to their portion, but when the adjacent lands yet owned by him should be platted, it was his purpose to reserve the right for streets on the three sides of the tract conveyed, which were adjacent to his remaining lands.

If he had not intended to convey to his grantees the fee to these strips reserved to be used for streets when certain contingencies should exist, there was no reason whatever existing, and none can be suggested, why he should embrace these strips in their deed. The great weight of authority classes this character of limitation in a deed as a reservation under which title passes to the grantees. We call attention to *Richards v. Lewis, et al.*, 104 N. W. 989; *Reynolds v. Gaertior*, 117 Mich. 532; *Vincent v. City of Kalamazoo*, 111 Mich. 230; *Sullivan v. Eddy*, 40 N. E. 482; *Gould v. Howe*, 131 Ill. 490; *Elliott v. Small*, 35 Minn. 396; *Peck v. Smith*, 6 Am. Dec. 216; *Cincinnati v. Newell*, 7 Ohio St. 37; *Klaer v. Ridgway*, 86 Pa. St. 529; *Duryea v. Mayor*, etc. *New York*, 62 N. Y. 592; *Wiley v. Sirdonus* 41 Iowa, 224; *Bolio v. Marvin*, 89 N. W. 563; Tiedeman on Real Prop·, sec. 843; 13 Cyc. 672 and 673 and cases cited; 3 Washburn (6th ed.) sec. 2353.

It appears from the record that a portion of the strip of land of which the plaintiff in error seeks to recover possession is included in a street. The plat filed by Edwards as Edward's Addition to Oklahoma City, and embracing this tract of land, shows he included in his plat a strip of ground sixty (60) feet wide along the east side of his land which had

previously been used as a public highway, but which was not included in his deed and was not a part of the tract conveyed to him.   He claims possession of a strip one hundred (100) feet wide off the west side of the land embraced in his deed.   The plat filed·by him shows that the east forty (40) feet of this strip is embraced in Edwards' Avenue, one of the streets donated and dedicated by his plat.   We know of no law that will permit him to recover possession of this forty foot strip within the public streets.   He is not entitled to its possession; he has dedicated it to the public and if the defendants are wrongfully occupying it, it is within the powers of the municipality to require them to move off.

Of the west sixty feet, or a strip sixty feet wide across the west end of the tract he procured by the conveyance before referred to, he is clearly entitled   to the   possession. The question is suggested by counsel for defendants in error that the plaintiff having brought his action for the strip one hundred feet wide, he cannot recover a less quantity.   It is true there are some cases   where the quantity   sued for is indivisible and the plaintiff must recover all or none. No authorities are cited, and we have.found none, though we have not made a diligent search.   The policy of the law is to discourage litigation, to avoid numerous law suits and to settle in one case all questions which may be properly determined without prejudice to the rights of any person.   In this case the facts are all before the court and consist of records, written documents or admitted facts.   No good purpose can be served in requiring a new suit to be brought, and no one can be prejudiced by a final determination of the case upon the present record. The facts are uncontraverted,

and the question is one of law. There is nothing to try if the cause is remanded for action by the district court, and this court will, in the exercise of its powers, render judgment here which the district court should have rendered.

The judgment of the district court of Oklahoma county is affirmed as to the forty (40) foot strip of land embraced in Edwards' Avenue and reversed as to the sixty (60) foot strip across the west end of the tract platted by Edwards and parallel with Edwards Avenue.

And it is ordered and adjudged that the plaintiff, Robert J. Edwards is the owner and entitled to the possession of a strip of land sixty (60) feet wide, three hundred (300) feet long, immediately adjacent to Edwards Avenue, and parallel with said avenue, immediately west of block one (1) of Edwards' Addition to Oklahoma City, being part of the northwest quarter of section thirty-three, township twelve north, range three west, and that the defendants, Ollie Brusha and Mary Elizabeth Taylor wrongfully keep him out of the possession of said land, and that he have and recover of said defendants the possession of said land, and that he recover all the costs in said cause made in the district court and one-half of the costs in this court, and that one-half of the costs in this court be taxed to the said plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.