CHARLES GILLESPIE *et al.* Plaintiffs in Error, *vs.* THE
OHIO OIL COMPANY, Defendant in Error.

*Opinion filed October 28, 1913.*

OIL AND GAS—*what does not show an abandonment of lease.*
The fact that the owner of an oil and gas lease has drilled only
one well upon the premises, which, though pumped daily, does not
produce oil in paying quantities, does not show an abandonment
of the lease such as entitles the lessor to have it canceled; nor can
the lease be held to be forfeited for breach of an implied covenant
to work the property with due diligence, where there are no alle-
gations in the bill under which such relief could be granted.

WRIT OF ERROR to the Circuit Court of Lawrence
county; the Hon. E. E. NEWLIN, Judge, presiding.

GEORGE W. LACKEY, and JONES & LOWE, for plaintiffs
in error.

GEE & BARNES, (F. E. HURLEY, of counsel,) for de-
fendant in error.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the
court:

Plaintiffs in error, Charles Gillespie and R. T. Gilles-
pie, are the owners in fee of ninety acres of land in Law-
rence county. On February 23, 1906, for a consideration
of one dollar, they leased said premises to James R. Poole
for the purpose of developing, producing and marketing
oil and gas therefrom for a term of five years "and so long
thereafter as oil or gas is produced thereon." By the terms
of the lease the lessee was required to complete a well on
the premises within one year or pay to the lessors an an-
nual rental of twenty-five cents per acre until a well should
be completed. As royalty the lessors were to receive one-
eighth of all oil produced and saved on the premises, and
the lessee also bound himself to pay to the lessors $100
per year for each well from which gas should be marketed.

On July 27, 1906, Poole assigned the lease to the Ohio Oil Company, the defendant in error. No steps were taken towards drilling a well on the premises until January 6, 1911, when defendant in error commenced drilling, and a well was completed February 17, 1911. From the time of the execution of the lease until the completion of this well the lessors received as rentals a total of $90. The well produced twelve barrels of oil per day for the first two days. Afterwards the amount of oil produced therefrom was insignificant, being but ninety-six barrels from February 19, 1911, to November 13, 1912. Defendant in error erected no tanks or machinery on the premises for the purpose of pumping the oil from this well, but pumped such oil as was produced, by means of power generated on adjoining premises, into a tank located on such adjoining premises. No further steps were taken towards developing the premises for oil and gas until after September 14, 1912, on which date plaintiffs in error, through their attorney, served written notice upon defendant in error demanding the release of record by defendant in error of the oil and gas lease above mentioned. Instead of complying with this notice defendant in error hauled three or four loads of casing upon the premises with the expressed intention of drilling another well, but it has done nothing further towards commencing another well. Thereafter, on September 21, 1912, plaintiffs in error filed their bill of complaint in the circuit court of Lawrence county, based upon the foregoing facts, praying that the lease above mentioned be declared null and void and that the defendant in error be ordered to cancel and release the same of record and surrender up the possession of the premises to plaintiffs in error, and that defendant in error pay the costs of the proceeding, including a reasonable attorney's fee. Defendant in error answered the bill, alleging that it had complied with all the terms and provisions of the lease and that the same is still in full force and effect, and that the

plaintiffs in error have no right to have the same declared null and void or to have it canceled of record. Replication was filed to this answer and a hearing was had before the chancellor, which resulted in the entry of a decree dismissing the bill for want of equity and adjudging the costs against plaintiffs in error. Plaintiffs in error have sued out this writ of error to reverse that decree.

That part of the bill which states the grounds upon which relief is asked is abstracted as follows: "Plaintiffs in error further allege that they have never been paid any money or thing of value or received anything from said defendant in error as rent or royalty for holding said lease, and that thereby the said defendant abandoned the said lease and that the same expired by its own limitations and that the said defendant had no longer any rights therein, but that 'said defendant wrongfully and fraudulently insists on keeping said premises and claim to have some interest therein and refuse to surrender up the same."

The proof discloses that the annual rental which had accrued prior to the drilling of the well had been paid, but at the time the bill was filed no part of the oil had been delivered to plaintiffs in error and no royalty had been paid. Defendant in error was in possession under the lease and was pumping the well daily. There was clearly no abandonment of the lease and nothing whatever to indicate an intent to abandon it. The lease was for a five-year term and so long thereafter as oil or gas was produced. Oil was produced continuously after the drilling of the well. It is true that the quantity produced was so small as to make the venture unprofitable, but the strict letter of the lease was complied with and it had not expired by its own terms.

In their argument plaintiffs in error seem to take the position that they are entitled to have a forfeiture of the lease declared because of a breach of an implied covenant in the lease to proceed with the exploration of the property

with due diligence. There is proof in the record to warrant this contention, but there is no allegation in the bill, as abstracted, upon which to base such proof. If the bill contained proper allegations upon which to base such proof a different case would be presented.

Under the allegations of the bill and the proof made, the decree of the circuit court was proper and is affirmed.

*Decree affirmed.*