BEATTY et al. v. BAXTER et al.

No. 35109. May 19, 1953.

Rehearing Denied June 23, 1953.

*258 P. 2d 626.*

Peyton E. Brown, Blackwell, for plaintiffs in error.

Bruce Potter, Blackwell, Felix Duvall, Ponca City, and Ross & Ross, Newkirk, for defendants in error.

DAVISON, J. This is a suit of equitable cognizance, wherein the owners of the reversionary interest, J. B. Beatty and Zella E. Beatty, as plaintiffs, seek, as against F. H. Baxter and some ten others, as defendants, to have the court adjudge that the determinable estates in the minerals underlying an 80-acre tract of land in Kay county, Oklahoma, owned by the defendants, had terminated and expired. The parties will be referred to as they appeared in the trial court, being the same as their appearance here.

At the time of his death in 1925, James S. Hubbard was the owner of a quarter section of land (160 acres). The parties here, both plaintiff and defendant, are his children or their grantees. The said Hubbard had, theretofore, and in 1921, executed an oil and gas lease on the premises for a primary term of five years or as long as oil and gas

was produced, the same being owned at the time this suit was filed by Continental Oil Company. Other conveyances relative to the minerals executed by the said Hubbard have expired or have been terminated and need not be considered. At his death, he left a will, by the terms of which he devised to one of his sons, Charles S. Hubbard, the south half or 80 acres of the quarter section. To another son, Fred B. Hubbard, was devised the north half or 80 acres, being the lands involved herein. Threatened contests of the validity of the will developed.

In settlement thereof and to avoid any contest, the said Fred B. Hubbard, in February, 1925, conveyed to each of his brothers and sisters an undivided mineral estate in the 80 acres which had been devised to him. The plaintiffs herein are the owners of the estate he retained. The defendants are the owners of the estates conveyed. Plaintiffs contend that the conveyed estates have terminated. Defendants contend that they have not. The trial court made written findings of fact and conclusions of law and, founded thereon, rendered judgment for the defendants. Plaintiffs have perfected this appeal.

Except for two, the conveyances by Fred B. Hubbard, which constitute the foundation of this lawsuit, were identical in that the habendum clause in each provided as follows:

"To Have and to Hold, All the aforegranted estate, property and easements, together with all and singular the rights, privileges and hereditaments thereunder belonging or appertaining, unto the said heirs, successors and assigns, for a period of Twenty (20) years and as long thereafter as oil or gas is produced from said premises."

The other two conveyances had the phrase "or development had thereon" added.

From 1924 on, numerous wells were drilled on both the north 80 acres and on the south 80 acres. Most of them produced oil for a number of years and then were plugged and abandoned. By December, 1945, only one well remained on the north 80 which was being pumped and was producing oil. At that time, December, 1945, the lessee stopped pumping oil from that well, known as No. 3. In 1947, another well, known as No. 7, was drilled on the north 80 acres. It was completed and started producing oil in September of that year. It was some 700 to 800 feet deeper than was No. 3. A few months later, and in the early part of 1948, well No. 3 was deepened and again began producing oil. The trial court found:

"that production was never abandoned as to the north half of said 160 acres, but that said lessee only temporarily ceased production in order to rehabilitate the well, but that said rehabilitation of the well was delayed because of the war conditions then existing. That during said temporary cessation of production the plaintiff did not assert any rights or claim to said property or lease contrary to the defendants' interests. That his present claim is being made after production had begun after such cessation."

The quoted finding of fact sustained the contention of the defendants and rejected plaintiffs' argument that the cessation of production from the 80 acres here involved terminated the estates of the defendants, under the above-quoted provisions of the habendum clauses in the conveyances from Fred B. Hubbard. During the approximate 21 months that oil was not being taken from the north 80 acres, it was being produced from the south 80 acres so that no question of the termination of the lease is here involved or suggested. The district superintendent of the lessee testified that the casing was never removed from well No. 3; that it was never abandoned; that if it had been the casing would have been removed. At the time of the trial, after being deepened, it was producing 15 to 18 barrels of oil per day; that during that time the war was in progress and oil field equipment was very scarce; that, under those circum-

stances, the fact that the casing was left in the well indicated that there was no intention of abandoning it.

Whether or not a contract, which is effective "as long * * * as oil or gas is produced," has expired depends upon the surrounding facts in each case. Plaintiffs cite and rely upon a number of decisions of this court dealing with the interpretation of the quoted phrase, .but all of them are those wherein the phrase was a provision in an oil and gas lease. No case has been cited wherein the phrase was a provision in a mineral or royalty deed. Nor do we find one upon independent investigation. The cited cases constitute little authority which is applicable to the case at bar. An oil and gas lease is governed by different rules of construction from those applicable to other contracts, being construed most strongly against the lessee and in favor of the lessor. The reason therefor springs from the danger of loss of oil and gas by drainage. Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 P. 545; Frank Oil Co. v. Belleview Gas & Oil Co., 29 Okla. 719, 119 P. 260; Gillespie v. Ohio Oil Co., 260 Ill. 169, 102 N. E. 1043.

"Ordinarily oil and gas leases are executed for the purpose of exploring and operating for oil and gas, and when its terms will permit it, under the rules of law, such lease will be construed so as to promote development and prevent delay and unproductiveness." New State Oil & Gas Co. v. Dunn, 75 Okla. 141, 182 P. 514.

The defendants herein being grantees of royalty interests stand in a materially different position from that of lessees. Not only is there no duty upon them to effect production, but their right to do so is doubtful. That duty rests upon the lessee and upon the success of the lessee's action in obtaining and maintaining production depends the extent of the term of the defendants' estates. But, under either rule of construction, as was said in the case of Prowant v. Sealy, 77 Okla. 244, 187 P. 235:

"The findings of the trial court in an equitable action should be sustained unless it appears that they are clearly against the weight of the evidence. ***"

The trial court found that production from the well on the land involved was only temporarily halted for rehabilitation of the well thereon and that such rehabilitation was delayed because of war conditions then existing. The testimony, in addition to establishing the facts hereinabove outlined, further showed that at that time machinery and materials were difficult to obtain and many oil companies were temporarily ceasing small production and trying to find bigger production to satisfy the war effort. The testimony further showed that casing was very scarce and, if the stoppage of production had not been only temporary, the casing would have been pulled from the well and used elsewhere. In addition, the well had been rehabilitated and was producing oil at the time of the trial. Under such circumstances, the finding and judgment of the trial court was not against the clear weight of the evidence. Being so, this court will not reverse it on appeal.

Other propositions are presented but due to the conclusion reached on the point discussed it becomes unnecessary to determine them.

The judgment is affirmed.

JOHNSON, V.C.J., and WELCH, CORN, and BLACKBIRD, JJ., concur. HALLEY, C.J., and ARNOLD, O'NEAL, and WILLIAMS, JJ., dissent.