Fred POSTIER, Plaintiff In Error,

v.

A. C. POSTIER and Effie Postier, Defendants In Error.

No. 36931.

Supreme Court of Oklahoma.

April 17, 1956.

Elam & Crowley, Enid, for plaintiff in error.

Simons, Simons, Mitchell, Headrick & Mitchell, by E. B. Mitchell, Enid, for defendants in error.

### PER CURIAM.

The parties occupy the same relative position as in the trial court and will be referred to herein as they there appeared.

The substance of the pleadings and briefs herein reflect that this is an action of equitable cognizance, wherein plaintiff, the owner of a certain quarter section of land in Garfield County, seeks to cancel all rights of defendants under a certain mineral deed executed on January 2, 1940, by plaintiff and his wife to one Della Ralston.

The facts, briefly stated, are as follows: Plaintiff, the owner of the land involved herein, on January 2, 1940, conveyed to one Della Ralston an undivided 9/100ths mineral interest in and under such real estate for a period of ten years from date of such mineral deed. The mineral deed contained the provision, " * * * it being expressly understood and agreed that this mineral deed shall be extended beyond the said period of ten years only by the discovery of new or additional oil or gas in commercial and paying quantities in a well or wells hereafter to be drilled." In May, 1949, and within the ten-year primary period mentioned in the mineral deed to Della Ralston, an additional well was drilled on the real estate involved, connected to the gathering lines, and produced gas in com-

mercial and paying quantities and continued to so produce until in December, 1949, when it became fluid logged and ceased to produce. The well was cleaned out and put back on production the following May, 1950, some four and one-half months after its last producing day in December, 1949. It thereafter continued to produce gas in commercial quantities, and is presently so producing. Della Ralston, the grantee, in said mineral deed, continued to receive her share of the production until April 30, 1954, on which date she sold and transferred her 9/100ths mineral interest to the defendants (for a term of ten years or more, or less, by a mineral deed of similar provision as that above described). Plaintiff contends that the mineral interest conveyed to Della Ralston terminated on January 2, 1950. Defendants contend it did not so terminate but that by the discovery of new and additional gas in paying quantities, such mineral interest was extended under terms of the provision above quoted.

The trial court made oral findings of fact and thereon rendered judgment for the defendants. Plaintiff thereupon perfected this appeal.

The conveyance by plaintiff, which is the basis of this lawsuit, presents but one question, that is, "did the term mineral grant from plaintiff to Della Ralston terminate?"

We must here note that the granting clause in said deed provides: "For a period of ten years from date; it being expressly understood and agreed that this mineral deed shall be extended beyond the said period of ten years only by the discovery of new or additional oil or gas in commercial or paying quantities, in a well or wells hereafter to be drilled;" while, the habendum clause merely recites: "for a term of ten years."

The rule to be followed in cases of this kind, was clearly stated in the case of Sullivan v. Gray, 182 Okl. 487, 78 P.2d 688 and reiterated in the recent case of Colonial Royalties Co. v. Keener, Okl., 266 P.2d 467, as follows:

> "The intention of the parties must be deduced from the entire agreement, and every provision must be construed

so as to be consistent with every other provision if possible, and that construction adopted which gives effect to every part of the contract."

Therefore, construing the instrument as a whole, it to us seems clear that the purpose of the deed was to effect a conditional or "term" grant for a period of ten years and in the event of the discovery of oil or gas in commercial or paying quantities by new or additional wells then it was the intent of grantor (plaintiff) that such deed was to operate as a grant of the interest conveyed during such time as oil or gas should be produced therefrom in commercial or paying quantities.

The trial court found, and we think rightly, that at the time of the execution of this deed there were two producing gas wells upon said property; that these wells were still producing gas in May, 1949, at which time a new well was completed and thereafter connected to the gathering lines on July 15, 1949; that it was a completed well producing in paying quantities and continued to produce until the latter part of December, 1949, when "it was shut down temporarily, and it was only temporarily— it wasn't an abandonment"; that the well was not tubed on completion; and that there was evidence that tubing was not always put in a well; that a well on adjoining land, then producing, never had been tubed; that the deficit in production resulting from a shut down or cessation of production, could be made up at a later date when it was put back on production; that the defendants acquired the mineral interest in question for a valuable consideration from Della Ralston, and that Della Ralston had received the royalties from the well for her interest up to the time she conveyed to the defendants, and that the defendants had received such interest or royalty since that time; that the well was drilled five feet deeper when it was tubed and put back on production, but that this was without effect as it did not help or hurt the well, and in so far as production was concerned, it was finished May 15, 1949; that there was no abandonment or cessation of production such as would warrant finding the mineral rights in question had expired, and that the parties apparently went on that assumption; that nothing was said about Della Ralston continuing to receive the royalties for over four years after the end of the ten-year period mentioned in the mineral deed, and that objection only came up after the defendants acquired her interest in 1954; and that the defendants' mineral interest in question continued to be and was still in full force and effect.

We think the above findings of the trial court are fully supported by the weight of the evidence and amply sustain the contention of the defendants, and indicate rejection of plaintiff's argument that the cessation of production of the new well terminated defendants' mineral interest.

In the case of Beatty v. Baxter, 208 Okl. 686, 258 P.2d 626, 628, we said, "whether or not a contract, which is effective 'as long * * * as oil or gas is produced,' has expired depends upon the surrounding facts in each case." In that case the action of the trial court, in refusing to hold that defendants' 20-year term mineral rights had expired by reason of temporary failure of the lessee for some 21 months to produce oil or gas from the lands in which defendants claimed their interests, was affirmed. The facts in that case were quite analogous to the facts in this case. The first paragraph of syllabus in that case, as modified, is adopted as a portion of the syllabus of this opinion.

The findings and judgment of the trial court are not clearly against the weight of the evidence but are amply supported thereby and therefore sustained. Beatty v. Baxter, supra.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner

Jean R. Reed and approved by Commissioners J. W. Crawford and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.