Ned SIMON, Plaintiff in Error,

v.

Ed FOSTER, J. R. Hunter and James H. Foister, Defendants in Error.

No. 39574.

Supreme Court of Oklahoma.

June 1, 1962.

Tom S. Williams, Oklahoma City, for plaintiff in error.

Boatman, Pugsley & Boatman, by A. N. Boatman, Okmulgee, for defendants in error.

JOHNSON, Justice.

This action was commenced by the defendants in error, hereafter referred to as plaintiffs, to quiet title to an oil lease upon certain lands in Okmulgee County, Oklahoma.

By way of answer the defendant claimed a $\frac{1}{16}$th of the $\frac{7}{8}$ths working interest as an override.

The facts are as follows: In the beginning the defendant and his co-adventurer, Shadid, owned the entire working interest in the oil lease covering the N$\frac{1}{2}$ of SW$\frac{1}{4}$ and SE$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 6, T 14N, R 15E, containing 120 acres. The lease owners assigned to various parties an undivided $\frac{11}{16}$ths interest in such working interest, retaining an undivided $\frac{5}{16}$ths of the $\frac{7}{8}$ths working interest as an override. This override was payable from the entire $\frac{7}{8}$ths working interest, and therefore the portion payable from the assigned interests was $\frac{1}{16}$th of the $\frac{11}{16}$ths working interest or $\frac{11}{256}$ths from the assigned portion and $\frac{5}{256}$ths from the interest retained by the assignors. All of this override was payable to the assignors of the lease.

Subsequently, the co-adventurer, Shadid, withdrew from the venture and assigned his $\frac{7}{32}$nds of the working interest to the defendant.

In October, 1955, the defendant negotiated with one Cooper relative to the sale of the entire lease to him. In the correspondence a price was agreed upon and agreement made that defendant was to have a $\frac{1}{16}$th of the working interest as an override. The deal was consummated on October 17, 1955, in the following manner. The defendant executed an assignment of his $\frac{5}{16}$ths interest, he having sold $\frac{1}{16}$th after the assignment from Shadid. This assignment also contained the words "all interest" and no mention of an override. In addition to this assignment, the defendant delivered to Cooper assignments direct from the holders of all of the remaining interest in the lease, which assignments made no mention of any override. Defendant never received any income from the lease after 1955.

In his answer the defendant urges that he is the owner of the override and that the words "all interest" in his lease assignment were inserted by some unknown party after delivery to the grantee.

By way of reply, plaintiffs deny any alteration in the assignment and further plead laches, and that defendant is estopped by permitting assignees to make large expenditures on the property without asserting any claim to such override.

Whether the assignment was altered is a question of fact which has been determined by the trial court adversely to defendant when he found the issues generally in favor of plaintiffs. There was ample evidence to sustain this finding, and we cannot go behind it.

We must first consider the effect of the assignment of the co-owner to defendant. At the time this assignment was made there was vested in these two men a $7/16$ths interest in the working interest of the lease, and the total interest in the override of $1/16$th of the $7/8$ths working interest. This assignment covers only a $7/32$nds interest in this lease, which would carry with it $7/32$nds of the override. After the execution of this assignment from Shadid, the ownership was vested as follows: Assignees of Simon and Shadid, $19/32$nds interest which is subject to $9/16$ths of $1/16$th override; Simon, $14/32$nds interest in lease, subject to override in Shadid of $9/32$nds of $1/16$th of $7/8$ths working interest; Shadid $9/32$nds of $1/16$th of $7/8$ths working interest override.

There never was a conveyance of this Shadid override interest to Simon. However, Shadid, a party defendant in this action, disclaimed any interest thereby confessing judgment in favor of plaintiff.

When the outstanding interests were assigned to Cooper, they could not assign interests which they did not have. All of their interests were subject to the override vested in Simon as shown by the record.

We are therefore called upon to interpret the effect of the Simon assignment to Cooper and Simon's conduct in reference thereto.

Up to this time the plaintiffs are the owners of the entire leasehold interest subject to an override of $23/32$nds of $1/16$th of $7/8$ths working interest. That $5/16$ths of such override was assigned to Cooper is beyond question. The assignment covered a $5/16$ths working interest in the entire lease, and this carried with it the override as to that part. This was equivalent to $10/32$nds of the override, and therefore leaves for our consideration only $13/32$nds of the $1/16$th of $7/8$ths override.

In the assignment made by Simon there were two inserted portions material to this controversy. The first was the interest assigned in the property described, and the second was the insertion "all interest." These two provisions were obviously in conflict. The first rule of law to be considered is that any instrument of conveyance is most strongly construed against the grantor.

In the case of Whiteman v. Harrison, Okl., 327 P.2d 680, we said in the body of the opinion:

"A conveyance is to be construed most strongly against the grantor. Edwards v. Brusha, 18 Okl. 234, 90 P. 727."

An assignment of an oil and gas lease is a conveyance within the above rule. An oil and gas lease is governed by different rules of construction from those applicable to other contracts, being construed most strongly against the lessee and in favor of the lessor. See Beatty v. Baxter, 208 Okl. 686, 258 P.2d 626.

Applying this rule, the "all interest" provision must be accepted as that which governs.

The next rule of construction is that placed upon the agreement by the parties. In Bell v. Protheroe, 199 Okl. 562, 188 P.2d 868, 1 A.L.R.2d 315, this court said in the body of the opinion:

" * * * The subsequent acts and conduct of the grantor are to be considered in arriving at the grantor's intent. Anderson v. Mauk, 179 Okl. 640, 67 P.2d 429. * * *"

The defendant made no claim to this override for more than four years, and thereby interpreted the assignment. The assignees spent over $40,000.00 in development of the property, never once considering the override in effect. This construction by both parties would seem to interpret the assignment.

Again, the elements of laches and estoppel on the part of defendant would seem to preclude the sustaining of defendant's position. See Davis v. Keeche Oil & Gas Co., 89 Okl. 226, 214 P. 711.

Judgment affirmed.