J. Robert **HUNTER**, Plaintiff in Error,

v.

C. W. **CLARKSON** et ux., Defendants in Error.

No. 41556.

Supreme Court of Oklahoma.

May 9, 1967.

Harland A. Carter, Okmulgee, for plaintiff in error.

Rainey & Barksdale, Okmulgee, for defendants in error.

McINERNEY, Justice.

C. W. Clarkson and Georgia Clarkson, husband and wife, (plaintiffs) instituted this action to cancel an oil and gas lease held by J. Robert Hunter (defendant). On May 10, 1962, plaintiffs purchased from J. A. Scott and Pearl Scott, husband and wife, the following described property in Okmulgee County:

S/2 NE/4 and SE/4 SE/4 Section 27, Township 15 North, Range 14 East.

The undisputed evidence reveals that the Scotts executed an oil and gas lease on December 12, 1960 for a term of "one year and as long as oil or gas or either of them is produced from said land". The lessee, Ed Foster, later assigned his interest to the defendant on January 20, 1961. Defendant and five other persons jointly drilled a well in January, 1961 which was non-productive. The defendant then purchased the interests of his five associates, moved the rig and reworked an old well. This well was completed in January or February, 1961 on the SW/4 of the NE/4, producing originally four barrels of oil and a large amount of water per day. This production very shortly dropped to between one to two barrels of oil daily.

The disputed evidence concerns the question of whether or not the defendant continued to produce oil from the lease after the primary term.

Plaintiffs introduced testimony that the production on the lease ceased in September, 1961, that the well was not operating through the spring of 1962, a period of approximately six months, and that the defendant thereafter moved his equipment back on the lease, over protest of plaintiffs, and produced a tank of oil (100 barrel capacity), then moved off again, doing nothing thereafter until this suit was filed in April, 1963. In addition to the testimony of five witnesses, plaintiffs offered exhibits indicating that Rock Island Oil & Refining Co. had purchased 83.65 barrels of oil on July 25, 1962 and that the Oklahoma Tax Commission had collected taxes on oil purchased by Mohawk Petroleum Co. in March, 1961 (78 bbls.), May, 1961 (77 bbls.), the July purchase above and a subsequent Rock Island purchase of 84 barrels

in April, 1963. These records show dates of purchases rather than production in any particular month or at any particular time.

The defendant's evidence was in direct conflict to that presented by the plaintiffs. After establishing the cost of the well and the activity connected with the original production in January, 1961, defendant and his associate testified that the well had not been shut down from October, 1961 until May, 1962, although there were short temporary cessations during this period.

The trial court determined in the findings of fact that there was a cessation of production for a period of five months after the primary term of the lease had expired, and, there being no oil or gas produced, that the lease terminated by its own terms. The court cancelled the lease, but excepted from this cancellation the SW/4 of the NE/4, the forty acres on which the well is located, with the proviso that the defendant recommence production on this forty acres within thirty days, otherwise the lease is to be cancelled in its entirety. The court cited Cotner v. Warren, Okl., 330 P.2d 217, as the basis for its decision.

In the Cotner case, supra, involving an identical lease, the single producing well on the lease was shut down, after the expiration of the primary term, for a period of five months. We held that the trial court's finding that this was not an unreasonable time in view of all the circumstances, and the refusal to cancel the lease, was not against the clear weight of the evidence. It appeared that dissension had arisen between several co-tenants, which was resolved by the operator purchasing their interest in the lease and then immediately attempting to resume production. The trial court found that the circumstances warranted a temporary cessation of production.

The favorable circumstances present in the Cotner case, supra, are not present in this case. The court did not find an equitable reason for the well being shut down and, having found a cessation of production without excuse, cancelled the lease. This court has adopted the rule stated in Lamb v. Vansyckle, 205 Ky. 597, 266 S.W. 253, 254,

"Nor are we willing to adopt the rule that a lease which is to continue for a definite period, and so long as oil or gas is produced in paying quantities, ipso facto terminates whenever production or development ceases for a brief period of time. On the contrary, we have reached the conclusion that the only fair and just rule is to hold that the lease continues in force unless the period of cessation, viewed in the light of all the circumstances is for an unreasonable time."

Cotner v. Warren, Okl., 330 P.2d 217; Kerr v. Hillenberg et al., Okl., 373 P.2d 66.

The circumstances in this case reveal that the defendant originally produced two tanks of oil and ceased production, moved his equipment back to the well when plaintiff purchased the land, over plaintiffs' protest, and produced one more tank of oil, moved off and later returned to produce one more tank of oil when this action was commenced. The cessation was voluntary and there appears to be no circumstances justifying the trial court's continuation of the lease. Whether or not the lease has terminated depends upon the facts in each case, and the facts in this case amply support the decision of the trial court in an action of equitable cognizance. Unless the judgment is clearly against the weight of the evidence, it will be sustained. Beatty v. Baxter, 208 Okl. 686, 258 P.2d 626.

For reversal the defendant cites Indiana Oil, Gas & Development Co. v. McCrory, 42 Okl. 136, 140 P. 610, involving a suit to cancel an oil and gas lease for failure to skillfully develop the lease, Strange v. Hicks, 78 Okl. 1, 188 P. 347, seeking cancellation for failure to market the gas, and Townsend v. Creekmore-Rooney Co., Okl., 358 P.2d 1103, involving cancellation for breach of an implied covenant to develop the lease. None of these cases involve the terms of the lease considered herein, or the evidence in this case.

The equitable principles announced in these cases, when applied to the evidence presented here, inure to the benefit of the plaintiffs rather than the defendant. The operator cannot, under the terms of this particular lease, only produce oil when it suits his purposes. The landowner has an interest which must, and will, be protected when the operator ceases production *for an unreasonable time*, without cause, after the expiration of the primary term.

The judgment is affirmed.

All the Justices concur.